GEORGE DEUCHAR, PLAINTIFF-APPELLANT, v. STANDARD ACCIDENT INSURANCE COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued October 26, 1936—Decided January 22, 1937.

For the plaintiff-appellant, *Isadore Rabinowitz* and *Nathan Rabinowitz*.

For the defendant-respondent, *Collins & Corbin* (*Edward A. Markley* and *Patrick F. McDevitt*).

The opinion of the court was delivered by

BODINE, J. The plaintiff, George Deuchar, appeals from a judgment in favor of the defendant. He was an employe of the State Majestic Theatre insured by the defendant. Although injured by a third party, he recovered compensation from his employer both for temporary and permanent disability. This award the defendant agreed to pay under the terms of its policy. In an action subsequently brought against the third party, a settlement was effected by the payment of $1,000, one-half being paid to the attorney in the action under a contingent fee agreement. The bureau found that the employer or his insurance carrier was entitled to credit on the award for the amount of the third party recovery. The present action was brought to recover the amount of the original award upon which the bureau had given a credit for the $1,000 received from the tort feasor.

The accident occurred in 1928. The applicable statute is as follows (*Pamph. L.* 1919, *p.* 212): "(f) Where a third

person or corporation is liable to the employe or his dependents for any injury or death, the existence of a right of compensation from the employer under this statute shall not operate as a bar to the action of the employe or his dependents, nor be regarded as establishing a measure of damage therein. However, in event that the employe or his dependents shall recover from the said third person or corporation, a sum equivalent to or greater than the total compensation payments for which the employer is liable under this statute, the employer shall be released thereby from the obligation of compensation. If, however, the sum so recovered from the third person or corporation is less than the total of compensation payments, the employer shall be liable only for the difference. The obligation of the employer under this statute to make compensation shall continue until the payment, if any, by such third person or corporation is made."

The principal argument is that the defendant is independently liable under its contract, and that the sum paid in settlement by a tort feasor's insurance carrier stands on an entirely different basis than a recovery against the third party wrongdoer. It is perfectly clear that the defendant's liability rests upon a contractual obligation to indemnify its insured from the obligations imposed by law. It assumed and was obliged to assume no greater obligation than its insured. The payment by the tort feasor's insurance carrier was a payment on his account, and the employer or his carrier was as much entitled to the benefits thereof as though directly made by the wrongdoer.

The defendant did not seek the third party payment but merely claimed a credit therefor. Hence, it was not necessary to file a notice with the third party. The statute released the employer and those standing in his place from an obligation to make payment of compensation to the extent of the recovery, it being less than the compensation award.

Because the injured employe paid his attorney a sum of money for services does not reduce the amount of the recovery, which is measured by the amount paid in settlement of the action.

The judgment is affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, CASE, BODINE, HEHER, PERSKIE, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, COLE, JJ.   14.

*For reversal*—None.