NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ELIZABETH ROSA, PETITIONER, v. MORRIS KAPLAN, IN-
DIVIDUALLY AND TRADING AS MODEL DRESS MANU-
FACTURING CO., RESPONDENT.

Decided March 26, 1941.

For the petitioner, *Barney Asarnow.*

For the respondent, *George E. Meredith.*

\*       \*       \*       \*       \*       \*       \*

It appears from the testimony that the petitioner was
employed by the respondent, who maintained his place of
business on the second floor of a "loft building" occupied
in common with several other manufacturers. The peti-
tioner's working day started at eight-thirty A. M., and at
eight-twenty-five A. M., on April 5th, 1939, the petitioner was
walking through a driveway, which was used in common with
the workers for these various concerns, and was a few feet
from the entrance to the building, when she turned over on
her right foot twisting her ankle. With the help of a fellow
worker, she went to her place of employment, and although
she attempted to work, she found that she could not do so

because her back ached and she felt generally miserable. After about an hour she was taken to her home.

The petitioner remained at home, and later in the day she was examined by Dr. Shapiro, who strapped her back. The following day, that is on April 6th, 1939, the petitioner started to bleed, and Dr. Huberman was called in to see the patient on April 11th. On that date Dr. Huberman found the patient suffering from vaginal bleeding, tenderness over the left ovarion region, and pain over the sacrum and sacro-iliac region.

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

There are two questions presented in the case. First, did the petitioner meet with an accident arising out of and in the course of her employment? Secondly, what disability, if any, has the petitioner suffered by virtue of this accident?

The first question I resolve in favor of the petitioner. As I stated in the memorandum which I filed under date of October 25th, "I am satisfied and find that at the time of petitioner's accident she was at a place where she had a right to be at a time when she was reasonably within the circle of her employment. This accident happened while she was on her way to work and in an entrance which she had a right to use with the knowledge and consent of her employer."

The second question for me to decide must, in turn, be broken down into two factors, and it is necessary for me to determine what disability the petitioner presents as the result of her back injury, and the amount of disability due to the pelvic disorders which were described at length by the physicians, and I must, in turn, determine whether either or both of these conditions were caused by or related to the accident in question.

As I have already indicated, I have made a very careful study of the medical testimony presented in this case, and I conclude that the pelvic disorders manifested chiefly by the vaginal bleeding as described by the doctors was in no way related to this accident. In the first place, the petitioner relies on the theory that a rupture of a varicose vein in the left broad ligament produced the vaginal bleeding. I cannot subscribe to this theory for the reasons stated by Dr. Norton,

and in view of his demonstration of the situation while on the witness stand. As Dr. Norton stated, and I so find, a ruptured vein in that area cannot conceivably cause a bleeding hemorrhagic, in character, through the vagina. As the doctor testified, the only portal of entry into that cavity would be through the fallopian tubes, which he stated have a diameter about one-fifth the thickness of the lead in a pencil. The doctor testified that it would be physiologically impossible for a sufficient quantity of blood to escape in this manner and cause a profuse hemorrhage.

I am much more impressed by the theory of Dr. Norton to the effect that the bleeding was undoubtedly caused by the pre-existing condition described by the doctors as an erosion of the cervix. The doctor stated that bleeding from this cause is very common, but if it had any relation to the accident, which he doubted in any event, the bleeding would have to occur coincidentally with, or immediately following, the trauma. As the doctor stated, "If there was a definite trauma initiating this thing, there would not be a lapse of twenty-four hours."

For the foregoing reasons I conclude and find as a fact that the petitioner suffered from certain internal pelvic disorders prior to her accident, which were neither caused by nor aggravated by the accident in question. I further find from the greater weight and quality of evidence that the bleeding which occurred the day following this accident was probably caused by the previously diseased condition of the cervix, and that this condition caused the bleeding which was spontaneous at that time and totally unrelated to the accident.

While it appears that the petitioner received treatment for the above conditions for a period of time, it is also apparent from the evidence that she suffered from a back injury which was variously described by the doctors as a left lumbar myositis and a left sacro-iliac sprain for a period of approximately twenty weeks. I find that these conditions and the pain in the back were caused by the accident, and that the petitioner was temporarily disabled on that account for a period of twenty weeks. I further find that the back injury

resulted in a permanent disability equivalent to five per cent. of total permanent disability.

\*     \*     \*     \*     \*     \*     \*

It appears from the stipulations of counsel that the petitioner instituted a common law action against the owner of the building where her accident took place. As the result of negotiations on the part of her attorney she received $1,168. From this allowance, according to the stipulations, there was deducted a counsel fee of thirty per cent. or $350.40, and an item of $100 for expenses, a total of $450.40.

As the net allowance of $717.60 received by the petitioner under her third party settlement exceeds the total sum of $579.15, under my findings as above stated I must conclude under the provisions of *R. S.* 34:15-40 that the respondent herein is released from any liability to the petitioner by virtue of this accident.

\*   \*   \*   it is   \*   \*   \*   ordered that the petition be and the same is hereby dismissed without costs to either party.

HARRY S. MEDINETS,
*Deputy Commissioner.*