UNION COUNTY COURT OF COMMON PLEAS.

JOSEPH WERTHMAN, PETITIONER-APPELLEE, v. THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, RESPONDENT-APPELLANT.

Decided October 10, 1941.

For the petitioner-appellee, *Farkus & Samuels*.

For the respondent-appellant, *James J. Skeffington*.

McGRATH, C. P. J. Petitioner, while employed by respondent, suffered injuries from a third party and recovered for such injuries, by settlement of a Supreme Court suit, the sum of $10,000. Up to this time the employer had paid him for medical expenses and compensation the sum of $1,506.29. In the Supreme Court suit the petitioner's attorney's fees and expenses amounted to $3,116. Upon application to the Compensation Court to fix the rights of the parties under the Compensation Act, the deputy commissioner fixed the total compensation at $2,906.29 and directed the third party to reimburse the respondent to the extent of $1,506.29 (the amount of compensation and medical expenses theretofore paid) less the sum of $905.53 which the deputy commissioner thought should be the respondent's contribution to the fees and expenses of the petitioner in securing the settlement of $10,000, already mentioned. The practical effect of this

order is to reduce the "reimbursement" of the employer to $600.76. Respondent contends that this is erroneous and that it should have been reimbursed in full, since the settlement of $10,000 is ample to reimburse him in full, after deducting payments of all kinds, whether for compensation, medical expenses or counsel fees. This is the only question involved in this appeal.

The order of the deputy commissioner is directly contrary to paragraph (d) of the statute (*R. S.* 34:15-40; *N. J. S. A.* 34:15-40) which directs that the third party shall, before making any payment to the employee, inquire as to the amount of medical expenses and compensation theretofore paid to the injured employe by the employer, and the attorney's fees and expenses incurred, and "Thereafter, out of that part of any amount about to be paid in release or in judgment by such third person or corporation on account of his or its liability to the injured employee remaining after deducting the employee's expenses of suit and attorney's fees, as hereinafter defined, the employer or his insurance carrier shall be entitled to receive from such third person or corporation, a sum equivalent to the medical expenses incurred and the compensation paid theretofore by the employer or his insurance carrier to the injured employee or his dependents," &c. In this case, the amount remaining in the hands of the third party, after deducting the employee's expenses of suit and counsel fee, is $6,884, whereas his total compensation award is only $2,906.29, and the third party has ample funds in his hands to release the employer, and to pay him "a sum equivalent to the medical expenses incurred and the compensation paid theretofore by the employer or his insurance carrier to the injured employe," *i. e.,* $1,506,29. According to the statute: "Such sum ($1,506.29) shall be deducted by such third person or corporation from the sum about to be paid in release or judgment to the injured employee or his dependents," &c. The statute specifically provides that the fees and expenses be paid out of the recovery, and the Court of Appeals has also said: "In the ascertainment of the credit, the expenses of suit and the attorney's fees are to be deducted from the recovery," and since there is ample money in the

recovery to reimburse the employer in full, the third party must pay out this money in accordance with paragraph (b) which provides that the employer shall be released and reimbursed for medical expenses and compensation payments "if the sum recovered by the employee from the third party or corporation, after the expenses of suit and attorney's fees or either of them, as hereinafter defined, have been deducted therefrom, is equivalent to or greater than the liability of the employer or his insurance carrier under the statute." This "reimbursement" can only mean what the Court of Appeals said it meant, in the Savitt case: "The term reimbursement plainly has reference to such portion of the sum received from the third-party tort feasor as is the equivalent of the whole of the employer's liability under the Workmen's Compensation Act, whether actually paid or not, if the recovery exceeds the liability. The legislature had in mind 'reimbursement' of the *quantum* of the employer's statutory liability for compensation, in the sense of indemnification," &c. And, as already quoted, the court said that in ascertaining this *quantum* of credit, the fees and expenses are to be deducted from the recovery.

Under the old statute, the employee was required to reimburse the employer up to the full amount of the recovery even though this left the employee out of pocket for counsel fees and expenses, so that he might actually get less than the Compensation Act provided for him. (See *Deuchar* v. *Standard Accident Insurance Co.,* 117 *N. J. L.* 375; 189 *Atl. Rep.* 61.). The object of the present statute is to correct this injustice, and all its provisions have the same purpose, *i. e.,* to make sure that the counsel fees and expenses (as defined by the statute) shall be first reserved out of the recovery before the employer shall be entitled to any of it, whether as reimbursement for moneys paid, or credit for moneys due. In this respect the burden of the counsel fee and expenses is on the employer, but this burden is defined and limited by statute, and this burden is the responsibility of the employer for those fees and expenses until the calculation made by the third party, as required by paragraph (d), shows that there is sufficient money to apply paragraph

(b); otherwise the employer has to produce the difference. In this present case, even after everyone is paid and the employer released and reimbursed, the employee has several thousand dollars over and above the amount that the Compensation Act insures him, and there is no further burden on anyone. The liability of the employer ceases to exist because the employee has received all that the statute intended him to receive. So far as counsel fees and expenses concern the employer, they are limited by paragraph (e) and have already been paid out of the recovery as required by statute, and there is no reason why the employee should be further enriched by a share of the employer's reimbursement. This would be contrary to the statute and to the general purpose of the Workmen's Compensation Act.

The employee argues that the Court of Appeals in the Savitt case (*Savitt* v. *L. & F. Construction Co.*, 124 *N. J. L.* 173; 10 *Atl. Rep.* (2d) 728) decided that the burden of the attorney's fees and expenses was placed by the statute on the employer in all cases, no matter how much money the employee received from the third party tort feasor. I do not find any such decision or language in that case. The court was passing on the constitutionality of this section and its application to paragraph (c) where the recovery is less than the liability and where, of course, the burden is on the employer to make up the difference, since otherwise the employee would have to bear it. The situation in this case is entirely different, and paragraph (b) applies.

The determination also says that in the event the petitioner makes application for increased disability at some future time, "the determination herein will fix and determine the extent of the credit allowable to the petitioner by reason of the third party settlement." Since either party may apply for a modification of the judgment, under the general provisions of the act, the purport of this statement is not apparent, but of course it affords no reason for the order requiring the third party to deduct $905.53 fees and expenses out of the employer's reimbursement and, which it is agreed, is the only question raised on this appeal.