ROBERT J. McCLARE, PETITIONER-RESPONDENT, v. TASTY BAKING CO., RESPONDENT-PROSECUTOR.

Argued October 7, 1941—Decided December 23, 1941.

Before Justices BODINE, PERSKIE and PORTER.

For the prosecutor, *Edward R. McGlynn* (*Joseph Weintraub,* of counsel).

For the respondent, *Leo S. Carney* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

The opinion of the court was delivered by

PERSKIE, J.   The legal question presented in this workmen's compensation case is how to treat the item for attorney's fees and expenses of suit in ascertaining the credit to which the employer is entitled in reimbursement of the sum received by the employee from a third party tort feasor.  *N: J. S. A.* 34:15-40.

The facts are not in dispute.  Robert McClare, respondent-employee, suffered injuries as the result of an accident which

arose out of and in the course of his employment and caused by the actionable negligence of a third party tort feasor, viz., J. Lieberman & Co.

Respondent sued J. Lieberman & Co., to recover his damages and that suit was settled for $15,000. Out of this sum J. Lieberman & Co., deducted the sum of $4,342.90 which prosecutor-employer had paid respondent pursuant to its liability to him under our Workmen's Compensation Act, and J. Lieberman & Co., paid the sum so deducted into the Court of Chancery on a bill of interpleader because of the conflicting claims made thereto by respondent and prosecutor or its insurance carrier. The balance of $10,657.10 was paid to respondent who, we are told, paid out of this sum the expenses of that suit and a counsel fee equal to one-third of the entire sum of $15,000.

Thereafter, respondent filed a claim petition for compensation in our Workmen's Compensation Bureau. This claim was based on the same accident for which respondent had recovered in settlement with the third party tort feasor. Respondent prayed for a determination of the amount of compensation due him from prosecutor. In light of prosecutor's refusal "to agree to a reasonable deduction for attorney's fees and expenses" incurred in his suit against the third party tort feasor, respondent additionally prayed for a determination of that amount.

Prosecutor answered that there was "nothing due" respondent because the amount received by respondent in settlement with the third party tort feasor exceeded prosecutor's liability to him.

Respondent was awarded the following compensation:

| | |
|---|---:|
| For hospital and medical care .... .. ....... | $1,322.90 |
| For temporary disability ... . ............. | 1,908.57 |
| For total permanent disability .............. | 8,000.00 |
| Total ...... ..................... | $11,231.47 |

Additionally, the Bureau awarded respondent the sum of $3,943.82 towards his attorney's fees and expenses of suit

against the third party tort feasor. That sum is made up as follows:

For "attorney's fees," 1/3 of $11,231.47 ....... $3,743.82
For "expenses of suit" (maximum statutory allow-
    ance) ................................. 200.00
                                         _____
        Total ............................. $3,943.82

Accordingly, a rule for judgment was entered in the Bureau which, among other things, provided that respondent recover from prosecutor this sum of $3,943.82 as the balance of prosecutor's full liability to respondent.

Prosecutor appealed to the Hudson County Court of Common Pleas. The only question raised on that appeal related to the item of $3,943.82. That court affirmed the Bureau. Both the Bureau and the Pleas based their result on the holding by our Court of Errors and Appeals in the case of *Savitt* v. *L. & F. Construction Co. (Supreme Court)*, 123 *N. J. L.* 149; 8 *Atl. Rep. (2d)* 110; affirmed in part and modified in part *(Court of Errors and Appeals)*, 124 *N. J. L.* 173; 10 *Atl. Rep. (2d)* 728. Prosecutor was allowed a writ of *certiorari*.

As already observed, prosecutor argues here, as it did below, that the holding by our Court of Errors and Appeals in the Savitt case was erroneously interpreted and applied.

It is altogether clear that the present provisions of *N. J. S. A.* 34:15-40 were aimed to correct what has been characterized as "a manifest and unintentional injustice in the earlier statute" as a result of which the injured employee could receive substantially less compensation where there was a recovery from a third party tort feasor than where there was no such recovery. *Savitt* v. *L. & F. Construction Co. (Court of Errors and Appeals), supra.* The employer, in the circumstances exhibited, is no longer entitled as he was under the earlier statute to a credit for the face amount of his recovery or settlement without deductions for attorney's fees. *Deuchar* v. *Standard Accident Insurance Co.*, 117 *N. J. L.* 375; 189 *Atl. Rep.* 61. The employer must now bear the

burden of attorney's fees and "expenses of suit" but not in excess of one-third of his total compensation liability. For, obviously it is only to the extent of that liability (here $11,231.47) that the amount recovered in the third party action inures to the "ultimate profit" of the employer. *Savitt v. L. & F. Construction Co. (Court of Errors and Appeals)*, *supra*.

Prosecutor contends that this sum of $3,943.82 should have been deducted from the $15,000 recovered in the third party action (*Savitt* v. *L. & F. Construction Co. (Court of Errors and Appeals), supra*), and that the balance of $11,056.18 should then be subtracted from the award of $11,231.47 and the difference between the two stated amounts, viz., $175.29 should be the sum properly chargeable to it. This contention in terms of figures is as follows:

| | | |
|---|---|---|
| Amount of recovery from third party tort feasor | | $15,000.00 |
| "Attorney's fees" | $3,743.82 | |
| "Expenses of suit" (statutory) | 200.00 | |
| | | 3,943.82 |
| Credit to employer | | $11,056.18 |
| Total compensation liability | $11,231.47 | |
| Balance credit to employer | 11,056.18 | |
| Balance of employer's liability | $175.29 | |

Prosecutor's method of ascertaining the employer's credit is proper. It gives meaningful effect to the change of priorities which the provisions of *N. J. S. A.* 34:15-40 wrought. This method of calculation, in terms of dollars and cents, in nowise impairs the employee's full compensation award providing, of course, he does not choose to pay his attorney in the third party action more than the maximum allowance under *N. J. S. A.* 34:15-40. This method of calculation conforms with the applicable, adjudicated principles. For, in ascertaining the amount of credit to which the employer, or his insurance carrier is entitled in reimbursement under the provisions of *N. J. S. A.* 34:15-40, *attorney's fees* and

*expenses of suit* (here amounting to $3,943.82) "are to be deducted from the [third party] recovery." *Savitt* v. *L. & F. Construction Co.* (*Court of Errors and Appeals*), *supra.* This method was not followed below.

The cause is therefore remanded to the court below with instructions that the judgment under review both as to the item of $3,943.82 and as to the item for counsel fees for services rendered in the Bureau and the Pleas be modified consistently with this opinion.

No costs are allowed.