FIREMAN'S FUND INDEMNITY COMPANY, ET AL., PLAIN-
TIFFS, v. HARRY D. BATTS, ET AL., DEFENDANTS.

Superior Court of New Jersey
Chancery Division

Decided May 22, 1950.

*Messrs. Townsend & Doyle,* for plaintiffs, by *Mr. Mark Townsend.*

*Messrs. Cox & Walburg,* by *Mr. Arthur F. Mead,* attorneys for defendants New Amsterdam Casualty Company and William Laubenheimer & Bros., Inc.

*Mr. Jacob J. Levey, pro se,* and for defendant Harry D. Batts.

STANTON, J. S. C. This is an action in the nature of interpleader. Defendant Harry D. Batts, herein referred to as the employee, suffered a compensable injury while in the employ of defendant, William Laubenheimer & Bros., Inc., herein called the employer, and received payments of compensation from its insurance carrier, New Amsterdam Casualty Company, herein styled the compensation carrier. The employee brought an action for damages against third party tort-feasors and obtained a judgment for $48,000 against Tide Water Associated Oil Company and Joseph Newman, Inc. This judgment was affirmed by the Supreme Court on January 23, 1950, and as of February 28, 1950, there was due thereon $53,505.23. Plaintiff, Fireman's Fund Indemnity Company, herein called the liability carrier, was prepared to pay the amount due on the judgment in behalf of the other plaintiff, its assured, Tide Water Associated Oil Company, but a dispute arose regarding the amount due upon the compensation lien claim of the compensation carrier. On March 2, 1950, Jacob J. Levey, attorney for the employee, demanded that he receive thirty-three and one-third per cent of the amount that the compensation carrier had paid as compensation and for medical services. The compensation carrier, on the other

hand, demanded that it receive the full amount of its expenditure, with interest. Thereupon, this action was instituted, and by order of this court, dated March 10, 1950, the liability carrier paid into court the sum of $9,657.52. Thereafter, statements of claim were filed by the compensation carrier and Mr. Levey. Motion has been made for judgment on the pleadings.

It is undisputed that the compensation carrier paid the employee compensation for 143 weeks at the rate of $25 weekly, or $3,575 and that it incurred medical expenses of $5,203.25, making a total of $8,778.25.

The right of the employer to be reimbursed for medical expenses incurred and compensation payments made in cases where the employee has had a recovery from a third party tort-feasor is stated in *R. S.* 34:15–40. Paragraph (b) of that section deals with the situation that is presented in this case, namely, where the sum recovered by the employee from the third party tort-feasor, after the deduction of the expenses of suit and attorney's fee, is equivalent to, or greater than, the liability of the employer for compensation. Paragraph (c) thereof treats of a case where the net recovery from a third party tort-feasor is less than such liability of the employer. Paragraph (e) thereof provides that "expenses of suit," as used in this connection, shall mean such expenses but not in excess of $200, and that "attorney's fee" shall mean such fee "but not in excess of thirty-three and one-third per centum of that part of the sum paid in release or in judgment to the injured employee or his dependents by such third party or corporation to which the employer or his insurance carrier shall be entitled in reimbursement under the provisions of this section * * *."

The statutory provision prescribing the method of calculating the attorney's fee was considered in *Savitt v. L & F Construction Co.,* 124 *N. J. L.* 173 (*E. & A.*), and it was held that the attorney's fee is a sum not in excess of thirty-three and one-third per cent of the amount of the employer's liability under the Workmen's Compensation Act. Thus the base used to calculate the attorney's fee is not the amount

actually paid by the employer, but was declared to be the total amount for which he was liable for compensation and medical expense; and the attorney's fee is a sum not in excess of one-third of the latter amount. This interpretation was followed in *McClare v. Tasty Baking Co.*, 127 *N. J. L.* 492 (*Sup. Ct.*), and in *Prudential Insurance Company v. Laval*, 131 *N. J. Eq.* 23 (*Ch.*). Each of these cases, however, dealt with a situation where the recovery from the third party tort-feasor was not sufficient after the deduction of attorney's fees and expenses of suit to completely reimburse and exonerate the employer.

In *Lucas v. United States Guarantee Co.*, 135 *N. J. Eq.* 543, the factual situation presented is similar to that which we have here. There was a settlement with the third party tort-feasor for $2,200. The compensation liability was $1,233.95. Conflicting claims were made against the $2,200 fund with the result that $1,250 was paid into court, and $950 was paid to the injured employee and her attorney. Travelers Insurance Company, the compensation insurance carrier, contended that the attorney's fee should not exceed thirty-three and one-third per cent of the compensation liability, or $411.32, and that he and his client, the injured employee, had received this amount as well as the maximum allowance for expenses of suit, in the sum of $950 paid to them by the insurance carrier of the third party tort-feasor; it argued that it should, out of the fund in court, be reimbursed for the entire amount it had expended, namely $1,233.95. It is evident that the recovery from the third party tort-feasor was sufficient to reimburse fully the compensation insurance carrier after the deduction of the thirty-three and one-third per cent attorney's fee and the expenses of suit. But Vice-Chancellor Lewis concluded in his reported opinion that the attorney of the injured employee, David Cohn, was entitled "to one-third of the $1,243 deposited in court, together with $200 expense money."

Mr. Levey places strong reliance on the opinion in the *Lucas case*, which would seem plainly to support his contention that he is entitled to thirty-three and one-third per cent of the employer's compensation liability. It is noted that the

opinion of the Vice-Chancellor is not in conformity with that of the Court of Errors and Appeals in *Savitt v. L & F Construction Co., supra.* This decision of the Vice-Chancellor was made on October 25, 1944, but final decree in the cause was not signed until December 23, 1946. Therein we find these recitals:

"And it appearing to the satisfaction of the Court that the Travelers Insurance Company is entitled to receive the said fund so deposited in this Court; and it further appearing from the opinion of the Court filed in this cause that said Travelers Insurance Company is entitled to the fund less certain counsel fees and expenses which the Court considered due David Cohn; and it now further appearing to the Court that the complainant Katherine Lucas had made a settlement of her claim through her solicitor, David Cohn with the United States Guarantee Company for $2,200, and that a draft for the excess of said settlement for approximately $950 over and above the sum paid into the Court and claimed by Travelers Insurance Company, had been paid to said complainant and her solicitor David Cohn; and it appearing to the Court that it is therefore immaterial what part of the fees and expenses due David Cohn were retained from said fund of approximately $950, and that said David Cohn should have secured his expenses of suit and full legal fees from said part of the excess fund coming into his possession by issuance of said draft jointly to him and the complainant, it appearing that said fund was in an amount sufficient to cover any money due David Cohn;"

and following it, this adjudication:

"That the said Travelers Insurance Company was and now is entitled to said sum of $1,249.95 so paid into the Court, together with the accumulation of interest thereon; and that said sum after deducting lawful commissions of the Clerk of this Court, if any be due, together with interest accumulated thereon, be paid to the defendant Travelers Insurance Company, or its solicitor."

It is evident that the Vice-Chancellor in the decree advised by him did not follow the conclusion reached in his reported opinion. Rather he directed the payment of the money deposited in court, in accordance with the holdings in *Savitt v. L & F Construction Co., McClare v. Tasty Baking Co.* and *Prudential Insurance Company of America v. Laval, supra.*

In the present case, the recovery from the third party, after the deduction of attorney's fees and expense of suit, was more than sufficient to reimburse fully the compensation insurance carrier. It is therefore concluded that the compensation carrier is entitled to be reimbursed for the sum of $8,778.25 expended by it. That leaves for determination the question as to whether or not it should recover interest on this sum. The third party tort-feasor paid the judgment in full, together with interest thereon from the date of the entry of judgment to the date on which the fund was paid into this court. What the said carrier seeks is interest for that period on the amount expended by it. It is obvious that it had a share in the judgment to the extent of $8,778.25 and it follows therefore that it should receive interest on that amount from the date of the entry of judgment against the third party tort-feasor to the date on which the sum was paid into this court.

Judgment in accordance herewith may be submitted.