11 N.J. Super. 242 (1951)
78 A.2d 293
FIREMAN'S FUND INDEMNITY COMPANY, ET AL., PLAINTIFFS,
v.
HARRY D. BATTS, DEFENDANT-APPELLANT, AND NEW AMSTERDAM CASUALTY COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 2, 1951.
Decided January 16, 1951.
*243 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Leo Rosenblum argued the cause for the appellant Harry D. Batts (Mr. Jacob J. Levey, attorney).
Mr. Arthur F. Mead argued the cause for the respondent New Amsterdam Casualty Co. (Messrs. Cox & Walburg, attorneys).
The opinion of the court was delivered by JACOBS, S.J.A.D.
The appellant Harry D. Batts appeals from a judgment entered in the Chancery Division pursuant to the opinion of Judge Stanton reported in 8 N.J. Super. 519 (1950).
While employed by William Laubenheimer & Bros., Inc., Batts was injured and received compensation and medical *244 expenses aggregating $8,778.25 from New Amsterdam Casualty Company, the employer's compensation insurance carrier. Batts instituted a common law action against third parties whose negligence caused his injury and recovered judgment of $48,000. After its affirmance on appeal (Batts v. Joseph Newman, Inc., 3 N.J. 503 (1950)), Fireman's Fund Indemnity Company was prepared to pay the judgment and interest, but a dispute arose as to the amount payable therefrom to New Amsterdam which claimed that it was entitled to full reimbursement of the sum of $8,778.25 plus interest thereon from the date of the judgment. On the other hand, Batts claimed that New Amsterdam should be reimbursed only to the extent of two-thirds of its expenditure of $8,778.25, without any interest, the remaining one-third to be paid to his attorney who had prosecuted his third-party action to judgment. The lower court in an interpleader action instituted by Fireman's Fund sustained the claim of New Amsterdam and entered judgment accordingly.
The original Workmen's Compensation Act (P.L. 1911, c. 95, p. 144) permitted the injured employee to retain his full compensation plus the entire amount recovered by him in a third party negligence action. To correct this situation the act was amended in 1913 to provide for appropriate reimbursement to the employer in the event of such double recovery. P.L. 1913, c. 174, p. 312. See also P.L. 1919, c. 93, p. 212; P.L. 1931, c. 279, p. 705; Henry Steers, Inc., v. Turner, &c., Co., 104 N.J.L. 189, 195 (E. & A. 1927); United States Casualty Co. v. Hercules Powder Co., 4 N.J. 157, 163 (1950). However, as judicially construed, this statutory provision required the employee to make full reimbursement from the gross recovery against the third party even though the reimbursement exceeded the net amount actually received by the employee after having deducted his expense of litigation. Deuchar v. Standard Accident Insurance Co., 117 N.J.L. 375 (E. & A. 1937). It was largely to obviate this injustice that the provision was revised in P.L. 1936, c. 162, now R.S. 34:15-40. See Savitt v. L. & F. Construction Co., 124 N.J.L. 173, 174 (E. & A. 1940); *245 McClare v. Tasty Baking Co., 127 N.J.L. 492, 494 (Sup. Ct. 1941); affirmed, 129 N.J.L. 98 (E. & A. 1942); Werthman v. Prudential Ins. Co., 19 N.J. Misc. 604, 606 (C.P. 1941).
In the instant matter we are not concerned with the statutory language which governs situations where the employee's net recovery from the third party, after payment of expenses of suit and attorney's fee, is less than the compensation due him under the Workmen's Compensation Act. It is conceded that the appellant's net recovery under the judgment far exceeded the claim of reimbursement and as we read the express terms of R.S. 34:15-40, particularly paragraphs (b) and (d), the employer or his insurance carrier, under such circumstances, is entitled to a "sum equivalent to the medical expenses incurred and the compensation paid." The decision in McClare v. Tasty Baking Co., supra, supports this view.
The appellant urges that if this construction of the statute is followed New Amsterdam will inequitably receive the benefit of the legal services rendered in the third party action without in any wise contributing thereto. On the other hand, New Amsterdam urges that if it had withheld payment until after the third party judgment it would be under no liability for compensation or attorney's fee (cf. Rosa v. Kaplan, 19 N.J. Misc. 300 (W.C.B. 1941)) and should not be penalized for promptly discharging its obligations. These and other related considerations may well be appropriate for submission to the Legislature in the event it considers further revision of the statutory provision; insofar as the case before us is concerned, we find no warrant for departing from the construction which seems to be compelled by the language of the statute and the decision of the court of last resort in the McClare case.
The appellant contends that New Amsterdam is not in any event entitled to any interest in the absence of express statutory provision therefor. When the judgment of $48,000 was entered it was immediately payable and New Amsterdam had a rightful claim to a portion thereof amounting to $8,778.25. When payment was not made forthwith, interest *246 duly accrued and has since been paid on the entire amount of the judgment from the date thereof together with the principal. We see no reason why, under accepted principles, the interest which actually accrued on that part of the judgment claim which may, in substance and legal contemplation, be said to have been due but withheld from New Amsterdam should not be payable to it. Cf. Fidelity, &c., Co. v. Wilkes-Barre, &c., Co., 98 N.J.L. 507, 510 (E. & A. 1923).
The judgment is affirmed.