Carmelo CANDIANO, Plaintiff-Appellee,

v.

MOORE–McCORMACK LINES, INC., Defendant-Appellant,

v.

JOHN W. McGRATH CORP., Third Party Defendant-Appellee.

No. 242, Docket 32750.

United States Court of Appeals Second Circuit.

Argued Jan. 6, 1969.

Decided Jan. 28, 1969.

**386**

Martin J. McHugh, New York City, (Joseph F. McGoldrick, and James M. Leonard, New York City, of counsel), for appellant.

Ezekiel Jasper, New York City, (Max D. Krongold, New York City, of counsel), for appellee.

Before LUMBARD, Chief Judge, and MOORE and FRIENDLY, Circuit Judges.

MOORE, Circuit Judge:

This is an appeal from the refusal of the District Court for the Southern District of New York to grant appellant Moore-McCormack Lines, Inc.'s (hereinafter "Shipowner") motion for an order relieving it from a judgment on the ground that the judgment has been paid and directing the Clerk to mark the judgment satisfied. The only question involved on the appeal is post-judgment interest.

Plaintiff-appellee Carmelo Candiano, a carpenter, was injured in a shipboard accident. He sued Shipowner alleging that his injuries were caused by Ship-

owner's negligence and the unseaworthiness of the vessel. Shipowner asserted a third party claim against Candiano's employer, John W. McGrath Corporation (hereinafter "Stevedore"). Shipowner alleged that Stevedore had breached its warranty of workmanlike service and accordingly should indemnify it for any judgment it might have to pay to Candiano, including attorneys' fees and expenses.

The trial court found that Candiano's injuries were proximately caused by the unseaworthiness, as that term has come to be used, of the vessel and awarded a judgment of $50,000 against Shipowner. 251 F.Supp. 654 (S.D.N.Y.1966). It also determined that Shipowner was entitled to a judgment in like amount, plus reasonable expenses of defending the action, against Stevedore. After entry of the judgment, Stevedore assumed the further defense of the action and its counsel was substituted for Shipowner's. It thereupon undertook an unsuccessful appeal to this Court, 382 F.2d 961 (2d Cir. 1967), and certiorari was denied in the Supreme Court. 390 U.S. 1027, 88 S.Ct. 1416, 20 L.Ed.2d 284 (1968). A rehearing was also subsequently denied. 386 F.2d 444.

As his employer, Stevedore had secured to Candiano the benefits of compensation pursuant to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq. The benefits received by Candiano as a result totalled $7,792.22, consisting of compensation payments of $5,645.57 and medical expenses of $2,146.65. Thus Stevedore had a lien against any recovery by Candiano in the amount of $7,792.22.

The sole issue is whether Candiano is entitled to post-judgment interest on that portion of his recovery subject to the lien. Although this problem must have occurred frequently before, it is a unique question as far as we are concerned because no cases in the maritime field have been cited to us bearing on this problem.

On April 22, 1968, after all the appeals had been exhausted, Candiano's counsel was paid the sum of $48,116.52. This consisted of $42,207.78 [the $50,000 judgment less the lien for compensation payments of $7,792.22], plus interest thereon from the date judgment was entered and assessed costs. Candiano has, therefore, received the full interest on the *net* amount of the recovery and this is all to which Shipowner and Stevedore contend he is entitled.

Candiano asserts, and the Court below held, that he has a right to interest on the full recovery against Shipowner, not just on the net figure, because his judgment was against Shipowner and whether interest is owing must be determined in relation to that claim alone. To hold otherwise, it is argued, is to place Candiano in the position of making payment to Stevedore of interest on its compensation lien.

In response Stevedore and Shipowner contend that on the date judgment was filed, Candiano was only entitled to $42,207.78, the amount of the judgment less the amount of the compensation lien held by Stevedore, and because he was entitled to the immediate enjoyment of his net recovery, interest should be figured for the period he was denied the use of the net amount by the interposition of Stevedore's appeal on behalf of Shipowner. Since compensation payments of $7,792.22 were made directly to Candiano, appellant claims that he, Candiano, should not receive interest on money already paid to him. This analysis appears to be correct.

■ It is clear that Shipowner owes interest on the entire judgment. Stevedore has a lien on the judgment as of the judgment date for what it has paid by way of compensation and medical expenses. Since interest is defined as compensation for the use of money, Deputy v. du Pont, 308 U.S. 488, 498, 60 S.Ct. 363, 84 L.Ed. 416 (1940); Jaglom v. C. I. R., 303 F.2d 847, 849 (2d Cir. 1962), plaintiff has a right only to interest on the amount of the judgment he was rightly entitled to, but which was withheld from him. To allow Candiano interest on the lien held by Stevedore would be to give Candiano interest on money he was never deprived of.

In the very similar field of state Workmen's Compensation, the same result occurs. An employer or his insurance carrier who has made compensation payments to an injured employee is entitled to reimbursement for those payments out of a judgment against a third party, *plus interest from the date of judgment*. Fireman's Fund Indemnity Co. v. Batts, 11 N.J.Super. 242, 78 A.2d 293 (1951); Larson, Workmen's Compensation Law, § 74.32.

For the reasons indicated, the decision below is reversed. The case is remanded to the District Court for further proceedings not inconsistent with this opinion.