COMMISSIONERS OF THE STATE INSURANCE FUND, Respondents, *v.* PAUL O'DWYER and OSCAR BERNSTIEN, Practicing Law Under the Firm Name of O'DWYER & BERNSTIEN, et al., Appellants, et al., Defendants.

First Department, October 19, 1971.

*Howard N. Meyer* of counsel (*Paul O'Dwyer* and *Howard N. Meyer* on the brief; *O'Dwyer & Bernstien,* attorneys for Paul

O'Dwyer and another; *Lynch & Kelly,* attorneys for Aetna Insurance Company), appellants.

*Leonard M. Schnitzer* of counsel (*Herbert Lasky,* attorney), for respondents.

*Herman B. Gerringer* for New York State Trial Lawyers Association, *amicus curiae.*

STEUER, J. In 1956 Richard Crown met with an accident. As a result thereof he received workmen's compensation insurance in the sum of $2,943.60 paid by the State Insurance Fund as carrier for Vinny Service Corporation, Crown's employer. The fund additionally paid medical bills amounting to $2,163.47. Crown also instituted a third-party action against one Lepper in which the defendants O'Dwyer and Bernstien acted as his attorneys. This action resulted in a verdict for Crown against Lepper in the sum of $25,000. Judgment was entered November 13, 1967. Lepper appealed and on June 18, 1969, the judgment was affirmed with interest from November 13, 1967, to June 18, 1969. The exact amount of the interest does not appear in the record. Thereafter, when defendants, having collected the judgment, sought to satisfy the lien, plaintiffs, as representatives of the compensation carrier, demanded the sum of $480.17 as interest. Suit is for this item. Additional facts concerning payment of the principal amount are set out below.

While it is not quite clear, either from the complaint or the supporting affidavits, on what theory plaintiffs asserted any right to interest, the briefs, as supplemented by the oral argument, have clarified plaintiffs' position. It may be stated as follows. By virtue of the carrier's lien a portion of the judgment, represented by the amount of that lien, represented funds payable to the carrier; and interest having been paid on the entire judgment, the carrier would be entitled to that portion of the interest which was attributable to the portion of the judgment to which it was entitled. It was conceded that, had no interest been included in the judgment or had the interest not been collected, the carrier had no claim. A converse statement of the carrier's position is that it is not entitled to nor is it claiming interest as such on what it paid out in compensation but only what the insured received as interest on his claim.

We cannot agree with the plaintiffs' contentions. Concededly the carrier's payments are not advances for which repayment is contemplated. By statute these payments may be recouped from the proceeds of a third-party action, but only in the manner and to the extent provided by statute. The method provided (Workmen's Compensation Law, § 29, subd. 1) is by "a

lien on the proceeds of any recovery ''. Whatever the items constituting those proceeds may be, the lien attaches to them; there is no differentiation between principal and interest. Nor is there any lien until there are '' proceeds '', that is, an actual payment by the third party found to be liable. It would therefore appear that the statutory scheme makes no provision for a recoupment other than the amount of the compensation awarded, provided or estimated, and the medical expenses.

The wording of the statute accords with the logic of the situation. The compensation award is not a separable item of the plaintiffs' recovery on which interest can be assessed. The finder of the facts in the third-party action neither takes nor is allowed to take this sum into consideration. Nor is it bound to adopt the same rate in calculating what would be fair compensation for time lost. It cannot be reasonably said that any specific amount or percentage of the verdict in a third-party action represents the amounts disbursed by the compensation carrier, nor is its recoupment so limited. It could very well be that a specific recovery might consist largely of compensation for pain and suffering. In such an instance the compensation carrier would still be entitled to recoupment for the total of its payments, regardless of the fact that the verdict did not reflect those payments.

Attention has been called to the decision in *Candiano* v. *Moore-McCormack Lines* (407 F. 2d 385). A different statute was involved, the Longshoremen's and Harbor Workers' Compensation Act (U. S. Code, tit. 33, § 901 *et seq.*). The court concluded that the rights of the parties under it were similar to the New Jersey workmen's compensation statute which has been held to provide that the compensation lienor is entitled to reimbursement out of the third-party recovery for the amount of its lien with interest from the date of judgment. (See *Candiano* v. *Moore-McCormack Lines, supra,* p. 387, citing *Fireman's Fund Ind. Co.* v. *Batts,* 11 N. J. Super. 242.) Of course if the premise is granted that the compensation carrier is entitled to interest the result reached is mandated. However, as seen, it is conceded that under our statute it has no such right, express or implied.

It further appears that defendants challenged certain items comprising the lien. In the ensuing discussion plaintiffs first raised the question of interest here involved. Withdrawing their contest of the disputed items, the defendants sent a check marked: '' In full payment of Lien and any and all claims.'' The check was retained and deposited. Defendants claim this constituted an accord and satisfaction. Because of our con-

clusion on the right of the plaintiffs to recover, it is unnecessary to discuss the merits of the defense. However, some members of the court base their decision on its validity.

The order of the Appellate Term entered November 12, 1970, reversing the order the Civil Court entered April 14, 1970, should be reversed on the law and the order of the Civil Court dismissing the complaint should be reinstated with costs to defendants-appellants.

CAPOZZOLI, J. P., McGIVERN, KUPFERMAN and MURPHY, JJ., concur.

Order, Appellate Term, First Judicial District, entered on November 12, 1970, unanimously reversed, on the law, and the order of the Civil Court of the City of New York, New York County, entered on April 14, 1970, insofar as it dismissed the complaint is reinstated. Appellants shall recover of respondents $50 costs and disbursements of this appeal.