139 N.J. Super. 41 (1976)
352 A.2d 267
WILLIAM HEDGEBETH, AN INFANT BY HIS GUARDIAN AD LITEM, BERTHA E. MEEK, AND BERTHA E. MEEK, INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
LEONARD E. MEDFORD, SR., DEFENDANT.
Superior Court of New Jersey, Appellate Division.
Submitted September 30, 1975.
Decided January 19, 1976.
*42 Before Judges MATTHEWS, LORA and MORGAN.
Mr. William F. Hyland, Attorney General, attorney for appellant Division of Medical Assistance and Health Services (Mr. Stephen Skillman, Assistant Attorney General, of counsel; Mr. Robert E. Popkin, Deputy Attorney General, on the brief).
A statement in lieu of brief was filed by Mr. Edward J. Brady, attorney for plaintiffs-respondents.
*43 Mr. Joseph Mezzacca, Jr., attorney for amicus curiae The Trial Attorneys of New Jersey.
PER CURIAM.
The proceedings below involved the assertion of a statutory claim for reimbursement under N.J.S.A. 30:4D-7(j) by the State Division of Medical Assistance and Health Services, Department of Institutions and Agencies (Division), which administers the New Jersey Medical Assistance and Health Services (Medicaid) Program. The claim was asserted in a negligence action involving a complaint filed on September 16, 1970 on behalf of an infant pedestrian injured in an automobile accident. The first count of the complaint was the infant's cause of action by his mother as guardian ad litem, and the second count was by the mother individually. Both counts sought damages for the expenditure of "large sums of money for medical care and treatment." After a judgment in accordance with a jury verdict on the issue of liability only was entered in favor of plaintiffs on January 29, 1974, a settlement on damages was reached and an order for judgment was entered March 29, 1974 and filed April 4, 1974, providing that $3,000 be paid to the infant plaintiff and $4,500 be paid to the mother individually. The order further provided that "all medical bills and costs" should be paid out of the mother's portion of the judgment, as should the counsel fee in the amount of $1,875, or 25% of the gross recovery, which was awarded to counsel for plaintiffs.
A notice of motion was filed by counsel for plaintiffs returnable June 6, 1974 seeking an order why the treasurer should not pay the sum of $7,500 in accordance with the order entered March 29, 1974 "with no deductions for Medicaid afforded to other persons than the minor plaintiff in the above entitled cause of action * * *." The Division filed a notice of cross-motion seeking reimbursement in the amount of $481.40 for payments made on behalf of the infant plaintiff under the Medicaid Program arising out of the accident.
*44 The trial judge concluded that by virtue of N.J.S.A. 30:4D-7(j) the New Jersey Medicaid Program was entitled to satisfy its statutory claim from the proceeds of the recovery. He also determined, however, that the State's recovery must be reduced by a pro rata share of counsel fee awarded to plaintiff's counsel. The State appeals the latter determination. While the immediate appeal involves a fee of $120.35, we are advised by the State that third-party liability recoveries of the kind involved in this matter for calendar year 1974 for the New Jersey Medicaid Program will approximate $600,000.
The New Jersey Medicaid Program is a state-administered program of medical assistance to certain categories of indigent recipients. Most of the services are funded half by the Federal Government and half by the State.
N.J.S.A. 30:4D-7(j) authorizes the New Jersey Medicaid Program to seek reimbursement such as is involved here. That provision, in turn, is based on provisions of Title XIX of the Social Security Act and in regulations promulgated pursuant thereto which mandate state recovery in cases where third-party liability exists. Social Security Act, § 1902(a) (25), 42 U.S.C.A. § 1396a(a) (25); 45 C.F.R. § 250.31.
N.J.S.A. 30:4D-7(j) provides in pertinent part that the Commissioner of the Department of Institutions and Agencies is authorized and empowered to "take all reasonable measures to ascertain the legal liability of third parties to pay for care and services * * * arising out of injury, disease, or disability * * *." If a legal liability is found to exist after Medicaid payments have been made on behalf of an individual, the Commissioner is authorized "to seek reimbursement for such assistance to the extent of such legal liability." Finally, when third-party liability is found, the Department of Institutions and Agencies "shall be subrogated to the rights of the individual for whom medical assistance was made available."
*45 The evident legislative purpose behind N.J.S.A. 30:4D-7(j) as well as its source provision in the Social Security Act is to prevent a "double recovery" by a Medicaid recipient who obtains Medicaid benefits, and then effects a recovery from a third party which includes payment for the same medical or hospital treatment. Conversely, it is intended to conserve the public funds of the State of New Jersey and of the United States since the Federal Government receives 50% of all third-party recoveries and the State retains the other half. The only limitation on recovery is the extent of the liability of the third party. The statute provides for no other limitation on the extent of the recovery, and there is no provision for a deduction from the recovery of any expenses of litigation, whether they be counsel fees or costs.
The State argues that in the absence of any legislative provision requiring or permitting the payment of a pro rata share of counsel fees, the legislative mandate to effect recovery to the extent of the liability of the third party must be construed to preclude any deduction for counsel fees or costs.
In a somewhat analogous situation, in Firemen's Fund Indem. Co. v. Batts, 11 N.J. Super. 242 (App. Div. 1951), we held that, in the absence of a specific contrary legislative provision, the third-party liability provision of the New Jersey Workmen's Compensation Act would permit an employer to recover the full amount it had paid in workmen's compensation benefits to its employee without deduction for a pro rata share of his attorney's fees. In so holding we rejected the argument of the employee, similar to the argument advanced by plaintiffs here, that the employer would thereby "inequitably receive the benefit of the legal services rendered in the third party action without in any wise contributing thereto." 11 N.J. Super. at 245. We concluded in Batts that the imposition of a pro rata share of counsel fees was a matter for the Legislature and not the courts, noting that the problem "may well be appropriate for submission *46 to the Legislature in the event it considers further revision of the statutory provision * * *" Ibid.[1]
We conclude the New Jersey Medicaid Program, like workmen's compensation, is wholly a creature of statute and should be controlled by the terms of its enabling legislation without judicial word-straining in quest of a fancied social result. The absence of any specific legislative authorization, federal or state, to deduct a pro rata share of counsel fees from third-party liability recoveries, when read together with the legislative goal of conserving and recovering public funds, must be construed as precluding any such deduction.
Plaintiffs' reliance on Klacik v. Kovacs, 111 N.J. Super. 307 (App. Div. 1970), certif. den. 57 N.J. 237 (1970), is misplaced. There we stated that in the absence of statute, rule of court or contract, "the mere accrual of benefits to a third party does not entitle an attorney to recover any compensation from those benefited," and, therefore, that any attempt to rely by way of analogy upon the workmen's compensation statute as support for the imposition of a fee was inappropriate. 111 N.J. Super. at 311-312. Although in Klacik we permitted a deduction of a pro rata share of counsel fees based upon equitable considerations, it should be noted that Klacik involved the construction of an insurance contract containing no provision with respect to counsel fees or costs in its subrogation clause, and not the construction of a comprehensive statutory scheme for the payment of governmental benefits.
Finally, we cannot accept the suggestion of the amicus that because there is no statutory "independent right to recovery" granted to the State as is granted to the Federal *47 Government under the Federal Medical Care Recovery Act, 42 U.S.C. §§ 2651-2653, the State's right of recovery is subrogated to the rights of the individual for whom assistance was made available, and, accordingly, is subject to a pro rata portion of any counsel fees payable. The argument is highly artificial and entirely alien to the statutory scheme of recovery. Cf. United States v. Merrigan, 389 F.2d 21 (3 Cir.1968); see also, Note, "The Medical Care Recovery Act," 23 Rutgers L. Rev. 141 (1968).
We also note with respect to the subrogation argument that here the State is subrogated to the infant's claim and not the mother's whose share of the settlement is solely subject to the counsel fee award.
Reversed.
NOTES
[1] Following the Batts decision, the Legislature amended N.J.S.A. 34:15-40, effective June 5, 1951, to provide that an employee's third-party liability recovery which is in excess of the employer's or carrier's liability and which is used to reimburse an employer or carrier shall be reduced by the "employee's expenses of suit and attorney's fee * * *." N.J.S.A. 34:15-40(b). See also, N.J.S.A. 34:15-40(e).