Hassie Duran HOWELL,
Plaintiff-Appellee,

v.

MARMPEGASO COMPANIA NAVIERA,
S. A., Defendants Third-Party
Plaintiffs-Appellant,

J. P. Florio & Co., Inc., Third-Party
Defendant-Appellant.

No. 77–2901
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit

Aug. 8, 1978.

Stuart A. McClendon, Metairie, La., for Florio.

W. Frederick Denkman, Metairie, La., for Marmpegaso Compania Naviera, S. A. & J. P. Florio & Co. Inc.

Melvyn J. Perez, Chalmette, La., Charles J. Ferrara, Metairie, La., for Hassie Duran Howell.

William A. Ransom, III, New Orleans, La., for Marmpegaso.

Charles R. Maloney, New Orleans, La., for plaintiff-appellee.

Before GOLDBERG, AINSWORTH and HILL, Circuit Judges.

PER CURIAM:

This is the third appeal resulting from the personal injury litigation involving plaintiff longshoreman, Hassie Howell, defendant shipowner, Marmpegaso Compania Naviera, S. A., third party defendant master stevedore, J. P. Florio & Company, Inc., and intervenor, American Mutual Liability Insurance Company. *See Howell v. Marmpegaso Compania Naviera, S. A.,* 5 Cir., 1976, 536 F.2d 1032 (ordering a remittitur of plaintiff's award); 5 Cir., 1978, 566 F.2d 992 (denying motions to dismiss this appeal). Appellants now object to the district court's amended judgment because it computes interest on the award to Howell before deducting the award reimbursing intervenor American Mutual Liability Insurance Company for medical and compensation payments previously made to the plaintiff. Appellants also contend that interest on Howell's award should not have been computed from the date of judicial demand

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

or in the alternative that interest on the award to American Mutual Liability Insurance Company should also be computed from the date of judicial demand. We affirm in part and reverse in part.

■ We agree with appellants that the award to American Mutual Liability Insurance Company must be deducted from the award to Howell before computation of interest. Howell has not been deprived of the use of the funds for which he is now required to reimburse American Mutual Liability Insurance Company, since he benefited from those medical and compensation payments at the time they were made. Hence, to compute interest due on Howell's award before deducting the payment to American Mutual Liability Insurance Company would allow Howell interest on funds which he has already received. *See Candiano v. Moore-McCormack Lines, Inc.*, 2 Cir., 1969, 407 F.2d 385, 387.

■ With respect to the date from which interest is to be computed, we affirm the district court's grant of prejudgment interest to Howell and we reverse the denial of prejudgment interest to American Mutual Liability Insurance Company. The award of interest from date of judicial demand is within the discretion of the district judge. *See, e. g., Britt v. Corporacion Peruana de Vapores*, 5 Cir., 1975, 506 F.2d 927, 932; *Sandoval v. Mitsui Sempaku K. K. Tokyo*, 5 Cir., 1972, 460 F.2d 1163, 1171. There was no abuse of discretion in awarding Howell interest from the date of judicial demand. However, consistency requires that if prejudgment interest is awarded to Howell, it must also be awarded to the intervenor, American Mutual Liability Insurance Company. The judgment is therefore amended to allow American Mutual Liability Insurance Company interest from date of judicial demand.

Accordingly, the interest on Howell's award should be computed as follows:

| | |
|---|---|
| Principal to plaintiff | $ 72,000.00 |
| less award to intervenor | 7,152.78 |
| Net due plaintiff | 64,847.22 |
| Interest from 11/6/70 (date of judicial demand) at 7%. Assuming payment had been made by 11/6/77, the interest would be | 31,775.14 |
| Total due plaintiff | $ 96,622.36 |

Similarly American Mutual Liability Insurance Company should receive the principal amount of $7,152.78 with interest computed from date of judicial demand at 7%. Since the reimbursement to American Mutual was deducted prior to computing interest on Howell's award, interest on the reimbursement must be paid by J. P. Florio & Company, Inc., rather than deducted from Howell's award.

AFFIRMED IN PART AND REVERSED IN PART.