**Brian A. KOSSMAN, Plaintiff,**

v.

**NORTHEAST ILLINOIS REGIONAL COMMUTER RAILROAD CORP. d/b/a Metra—Metropolitan Rail, Defendant.**

**No. 96 C 8045.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 19, 2000.

Hoey, Farina & Downes, (Alan J. Fisher), Chicago, IL, for plaintiff.

Rooks, Pitts & Poust, (Lee T. Hettinger), Chicago, IL, Ellen K. Emery, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

KEYS, United States Magistrate Judge.

Before the Court is Plaintiff's Motion in Aid of Execution of Judgment, pursuant to Federal Rule of Civil Procedure 69 and 28 U.S.C. § 1961 (West 2000). Plaintiff claims that Defendant owes him an additional $2,918.00 in post-judgment interest pursuant to the federal interest statute, 28 U.S.C. § 1961. Because granting Plaintiff's Motion would result in Plaintiff receiving a windfall and would not be consistent with the underlying purpose behind 28 U.S.C. § 1961, Plaintiff's Motion is denied.

### FACTUAL BACKGROUND

The dispute in this matter is whether post-judgment interest should be calculated on the gross judgment or net judgment. On October 28, 1998, the Court entered a judgment for Plaintiff in the amount of $304,000, which was subsequently affirmed on appeal. The judgment, however, was subject to set-offs for amounts previously paid to Plaintiff by Defendant. Specifically, Plaintiff had received from Defendant $24,500 in wage advances when Plaintiff was off work due to his injury, and $12,890 for sickness benefits.[1] Both Plaintiff and Defendant agree that $37,390 ($24,500 + $12,890) was properly deducted from the judgment of $304,000. In determining the amount owed to Plaintiff, Defendant deducted the set-offs (e.g. the $37,390) from the judgment of $304,000 before calculating the post-judgment interest owed to the Plaintiff pursuant to § 1961. Consequently, Defendant calculated interest using the rate of 4.242%[2] on the net settlement of $266,610 ($304,000 − $37,290) and paid the Plaintiff $18,309.18 in post-judgment interest.

Plaintiff contends, however, that the post-judgment interest should have been calculated from the gross settlement of $304,000, and not the net settlement of $266,610. Plaintiff therefore argues that Defendant owes him an additional $2,918 in post-judgment interest ($37,290 × 4.242%). Because allowing Plaintiff to receive post-judgment interest on amounts *already* paid to Plaintiff *prior* to judgment

---

1. It appears from Plaintiff's Motion that the sickness benefits were provided to Plaintiff by the U.S. Railroad Retirement Board and not necessarily the Defendant. Although it is not entirely clear what the relationship is between the Defendant and the U.S Railroad Retirement Board, both Plaintiff and Defendant agree that the debt of $12,890 for medical benefits was properly deducted from the judgment and paid back to Defendant.

2. Both Defendant and Plaintiff agree that the proper interest rate is 4.242%.

would result in a windfall, thereby increasing the judgment of $304,000, Plaintiff's Motion is denied.

## ANALYSIS

█ Whether post-judgment interest applies to the net judgment or gross judgment under 28 U.S.C. § 1961 appears to be a case of first impression, although other cases have addressed similar issues not in the context of the federal interest statute. Although several analogous cases exist, neither party cited these cases in their respective motions. Based on these analogous cases, as well as the federal interest statute's underlying purpose, the Court finds that Defendant properly applied post-judgment interest to the net judgment and, consequently, does not owe Plaintiff any more money.

Plaintiff argues that he should receive post-judgment interest on amounts already paid to him by Defendant based on the wording of the federal interest statute which states that "Interest shall be allowed on any money judgment in a civil case recovered in District Court ..." 28 U.S.C. § 1961 (West 2000). Although the statute does not specify "net" or "gross" judgment, Plaintiff interprets the statute as unequivocally meaning gross judgment. Plaintiff's interpretation of the statute, however, allowing post-judgment interest on amounts *already paid to him* well in advance of the judgment, conflicts with existing case law on similar issues, violates the central purpose of the federal interest statute, and would result in Plaintiff receiving more than the judgment of $304,000.

For instance, in *Candiano v. Moore–McCormack Lines, Inc.*, 407 F.2d 385 (2nd Cir.1969), the plaintiff was injured during his employment and received compensation and medical benefits from a third party. The plaintiff then sued the defendant for negligence. The defendant asserted a third party claim against the third party, maintaining that the third party had breached a warranty to defendant. The trial court awarded the plaintiff a judgment of $50,000 against the defendant and also determined that the defendant was entitled to a judgment in the like amount against the third party. The third party subtracted the compensation and medical lien of $7,792.22 from the judgment of $50,000 and then applied interest on the net amount.[3] Identical to the case *sub judice*, the plaintiff demanded interest on the full amount—not the full amount minus the lien. In rejecting the plaintiff's argument, the court stated as follows:

> It is clear that [the defendant] owes interest on the entire judgment. [The third party] has a lien on the judgment as of the judgment date for what it has paid by way of compensation and medical expenses. Since interest is defined as compensation for the use of money, ... plaintiff has a right only to interest on the amount of the judgment he was rightly entitled to, but which was withheld from him. To allow [the plaintiff] interest on the lien held by [the third party] would be to give [the plaintiff] interest on money he was never deprived of.

*Id.* at 387; *see also Howell v. Marmpegaso Compania Naviera*, 578 F.2d 86 (5th Cir. 1978) (finding that award to intervener must be deducted from the award to plaintiff before the computation of interest, because plaintiff had not been deprived of the use of the funds).

Based on this case law, it is clear that post-judgment interest should be applied against the net judgment, after liens have been properly deducted from the gross judgment. While the aforementioned cases do not address post-judgment interest under the federal interest statute, their reasoning is *apposite* to the present case, especially considering the underlying purpose behind the federal interest statute.

3. While *Candiano* concerned post-judgment interest, it did not concern the federal interest statute, 28 U.S.C. § 1961.

Several courts, including the Supreme Court, have stated that the purpose underlying the federal interest statute is to "compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and payment by the defendant." *Kaiser Aluminum & Chemical Corp. v. Bonjorno,* 494 U.S. 827, 835–36, 110 S.Ct. 1570, 108 L.Ed.2d 842 (1990) (citation omitted); *see also C.R. Bard, Inc. v. M3 Systems, Inc.,* No. 93 C 4788, 2000 WL 875736, at *4 (N.D.Ill. June 27, 2000) (same); *Medcom Holding Company v. Baxter Travenol Labs. Inc.,* No. 87 C. 9853, 1998 WL 704098, at *14 (N.D.Ill. Sept.30, 1998) (same).

■ Other courts have stated more explicitly that "the real issue lurking behind the proper interpretation of section 1961, is, regardless of why a delay exists ..., 'who should bear the costs resulting from the *loss of the use* of the money.'" *Poleto v. Consolidated Rail Corp.,* 826 F.2d 1270, 1280 (3rd. Cir.1987) (citations omitted) (emphasis added). Furthermore, *Poleto* states that "[p]ostjudgment interest represents the *cost of withholding* the amount owed the plaintiff once that sum has been determined in a court proceeding." *Id.* (emphasis added). Finally, as explained in *Lewis v. Vestil Manufacturing Corp.,* No. Civ. A. 90–6059, 1993 WL 52569, at *2 (E.D.Pa. Feb. 25.1993) (citation omitted), "the policy behind section 1961 is 'compensation of the wronged party for loss of the use of the money, in a changing economy where changes in the ... interest rate reflect changes in the value of the use of the money.'"

In the case *sub judice,* Plaintiff had the use of $37,290 well before the judgment of $304,000. Indeed, Plaintiff does not dispute that $37,290 was properly deducted from the final judgment. If Plaintiff had full use of the money before the judgment was even rendered, why should Plaintiff then receive post-judgment interest to compensate him for the supposed loss of use of the money? In fact, one could argue that Plaintiff had an interest-free loan from the date he received the $37,290 to the date of the judgment. If the Court granted Plaintiff's Motion, Plaintiff would receive a windfall, because he would be receiving more than the $304,000 judgment. Since Plaintiff had use of the $37,290 before the judgment, awarding Plaintiff $2,918 in interest for his alleged loss of the use of the money would increase his judgment by almost $3,000. Furthermore, assuming pre-judgment interest is irrelevant, one could argue that Plaintiff owes Defendant the interest on $37,290 from the date Plaintiff received it until the date of the final judgment.

Plaintiff complicates and misunderstands this issue by arguing that Defendant should not "benefit" from Plaintiff's debts to third parties. Whether Plaintiff used the $37,290 on medical benefits, doctor's bills, or even a new car is irrelevant. The critical point is that Defendant essentially gave Plaintiff $37,290 of the judgment early, and Plaintiff had the full use of the money to benefit himself. How Plaintiff used the money and whether he has any liens to third parties is not a concern of the Court or of Defendant. Indeed, as the Defendant maintains, if the Court grants Plaintiff's Motion, not only will the Plaintiff be receiving a windfall and the purpose behind the federal interest statute be conflated, but there most likely will be a chilling effect on providing pre-litigation benefits to future plaintiffs. Such a result would be a grave disservice to future litigants.

In conclusion, the Court denies Plaintiff's Motion and finds in favor of Defendant.

**IT IS THEREFORE ORDERED** that:

Plaintiff's Motion In Aid of Execution of Judgment, be, and the same hereby is, **DENIED.**