527 P.2d 1091

**LIBERTY MUTUAL INSURANCE COM-
PANY, a corporation, Appellant,**

v.

**WESTERN CASUALTY & SURETY COM-
PANY, a corporation; Arthur O. Martinez
and Patricia Martinez, husband and wife;
Joseph McDuffee and Colleen McDuffee,
husband and wife; and Antonio Torres
and Belen Torres, husband and wife, Ap-
pellees.**

**No. 11551–PR.**

Supreme Court of Arizona,
In Banc.

Nov. 7, 1974.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by Lawrence H. Lieberman, Phoenix, for appellant.

Lesher & Scruggs, by D. Thompson Slutes, Tucson, for appellee Western Cas. & Sur.

W. Mercer Bouldin, Tucson, for appellees Martinez, McDuffee & Torres.

STRUCKMEYER, Justice.

This is an appeal by Liberty Mutual Insurance Company from an amended judgment in an action in interpleader. Opinion of the Court of Appeals, 21 Ariz.App. 363, 519 P.2d 216 (1974), vacated and judgment of the Superior Court reversed.

Appellees, Arthur O. Martinez, Joseph McDuffee and Antonio Torres, hereinafter called the individual appellees, sustained certain minor injuries when plaster dust blew in their eyes during the course of their employment with the Floyd Hartshorne Plastering Co., Inc. They were treated for the injuries at the Tucson General Hospital by Doctors Ronald E. Dennis and Jack Leon Edwards. Extensive damage was caused to their vision when toxic materials were left in their eyes.

The individual appellees brought suit for damages for malpractice against the hospital and the two doctors. In that suit, a settlement was obtained by the terms of which Western Casualty, the liability carrier for the doctors and the hospital, tentatively agreed to pay $500,000; $270,000 to Martinez, $150,000 to McDuffee, and $80,000 to Torres. The settlement was contingent upon the court finding the total amount of damages to the workmen by the acts of the alleged malpractice and upon a finding of the amounts attributable to the various items of damage suffered by them.

The trial court found, and by letter dated October 8, 1971 so advised counsel, that the amount of total damages to each of the three workmen was: Martinez, $650,000; McDuffee, $200,000; Torres, $100,000. It also found that of the $270,000 to be received in settlement by Martinez, $100,000 was attributable to medical expenses, loss of income past and future, and loss of future earning capacity; for McDuffee, for the same items, $50,000; and for Torres, $30,000. The remainder, the trial judge attributed to pain, suffering, embarrassment, humility and inconvenience, loss of consortium, and the loss of pleasures in life from the enjoyment of a sound body. An amended judgment was entered which reflected the findings of the court.

Western Casualty filed the present action, a complaint in interpleader, naming the three individual appellees and the Liberty Mutual Insurance Company as defendants, and deposited with the court the sum of $56,094.36. It alleged that Liberty Mutual as the workmen's compensation carrier for the Floyd Hartshorne Plastering Company had paid medical and compensation benefits on behalf of the individual appellees in that amount and that Liberty Mutual claimed the right to approve the settlement and a lien on the entire amount of the proceeds by virtue of A.R.S. § 23–1023.

The individual appellees cross-claimed, asking for a declaratory judgment that Liberty Mutual was not entitled to have the full amount of its alleged liens repaid in that attorney's fees and expenses should first be deducted, nor was it entitled to full credit against any future liability that it may have to the individual appellees for future compensation benefits. In this latter respect, they urged that Liberty Mutual's lien did not embrace that portion of the settlement proceeds attributed to items

of damage recoverable in a civil suit but not covered under workmen's compensation.

The court in the present action ordered that of the $56,094.36 on deposit with it, $45,245.30 be distributed to Liberty Mutual and $9,349.06 as and for attorney's fees and $1500 as and for costs and expenses be distributed to W. Mercer Bouldin, attorney for the individual appellees. Further, the court computed a credit against future liability under the Workmen's Compensation Act to which Liberty Mutual would be entitled. It split the balance of the recovery from the settlement into six separate items of damages, allowing Liberty Mutual a lien only on three of the items, namely the "medical expense, lost income past and future, and loss of future earning capacity."

By A.R.S. § 23–1023,[1] as amended Laws of 1968, if an employee who is entitled to compensation is injured or killed by the wrong of another not in the same employ, such injured employee may pursue an action for damages against such other person and if he proceeds against such other person, compensation and medical, surgical and hospital benefits must be paid to him by the insurance carrier for the employer. The insurance carrier is given a lien after deducting the attorney's fees and reasonable expenses of litigation on the amount "actually collectible" to the extent of the compensation, medical, surgical and hospital benefits paid.

The first question presented is whether A.R.S. § 23–1023 permits the workmen's compensation carrier's lien to be depleted by the amount of the employee's attorney's fees and reasonable expense of litigation.

This question was answered by this Court in Ruth v. Industrial Commission, 107 Ariz. 572, 490 P.2d 828 (1971), and see Ruth v. Industrial Commission, 14 Ariz. App. 324, 483 P.2d 65 (1971). We held that the employer's insurer could not be required to pay a share of the attorney's fees.

Appellees urge, however, that this case presents a different set of facts in that the individual appellees' claim did not arise specifically out of the industrial accident but was based upon a separate tort committed upon the injured workmen by the malpractice of the doctors and the hospital. They rely on a statement in Larson on Workmen's Compensation Law, Volume II, § 72.65(a), that there is a difference in that a malpractice action involves liability for only part of the injury while every other third party action involves the liability of the third party for the entire injury, that in malpractice actions there is an inequity in that the original uncomplicated injury might have actually been caused by the employer's negligence, but that in a malpractice recovery the employee's money to the extent of the recovery in malpractice will be used to reimburse the employer for his own wrong.

Larson suggests, in paragraph 72.65(d), that the best solution would be *amendments to third party statutes* so that the employer's carrier in being reimbursed out of the

---

1. "A. If an employee entitled to compensation under this chapter is injured or killed by the negligence or wrong of another not in the same employ, such injured employee, or in event of death his dependents, may pursue his remedy against such other person.

\* \* \* \* \*

C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectible from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. The amount actually collectible shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim."

malpractice damages is allowed only so much of his outlay as was caused by the malpractice and that if the judgment in malpractice segregates non-compensable and compensable items, the employer's reimbursement must come only out of that portion of the damages attributed to compensable items.

But we think this is plainly a matter for the Legislature and was so recognized by Larson when he said that the *"best solution would be amendments to third party statutes * * *."* The Legislature has provided for a lien against the "amount actually collectible" from the third party and "the amount actually collectible shall be the total recovery less reasonable and necessary expenses including attorney's fees actually expended * * *." There is no principle of law short of constitutional infirmities in the statute which would permit us to set aside or ignore the express language of the Legislature.

■ Under the language of the Arizona statute, the proper computation of the compensation carrier's lien is first to deduct from the amount of the settlement the attorney's fees and reasonable and necessary costs of the litigation. The remainder is the amount against which the insurance carrier has a lien. It was error for the court below to deduct from the $56,094.36 paid into court any allowance for attorney's fees and expenses. The judgment of the Superior Court must therefore be reversed.

Liberty Mutual further urges that the court below in the interpleader action was without jurisdiction and invaded the province of the Industrial Commission when it adjudged the liability of Liberty Mutual for the amounts due for future benefits under the workmen's compensation statutes for the individual appellees. We think that here again it is too plain for serious argument that it is the Commission's responsibility to make this determination.

By A.R.S. § 23–921:

"A. The industrial commission of Arizona is charged with the duties of the administration of chapters 6 and 7 of this title, [chapter 6 being those sections dealing with workmen's compensation] and with the adjudication of claims for compensation arising out of provisions of this chapter * * *."

As already stated, the insurance carrier has a statutory lien to the extent of the compensation and medical, surgical and hospital benefits paid. It must also contribute any deficiency between the amount collected from the third party and the compensation and medical, surgical and hospital benefits provided or *"estimated by the provisions of this chapter * * *."* The chapter referred to is Chapter 6 of title 23.

By the provisions of Article 8 of Chapter 6, §§ 23–1041 through 23–1047, procedures have been established by the Legislature by which the Industrial Commission must determine the amount of compensation to be awarded to injured workmen. Since by § 23–1023, if there is a deficiency between the amount actually collected and the estimated compensation, medical, surgical and hospital benefits, the agency which by law is authorized to make that determination is the Industrial Commission of Arizona.

"The commission is the only body authorized by law to make an award of compensation under the Act. No superior court has any power whatever concerning such award." Red Rover Copper Co. v. Industrial Commission, 58 Ariz. 203, 212, 118 P.2d 1102, 1106 (1941).

■ The Industrial Commission must determine the present value of the three individual appellees' compensation, surgical, medical and hospital benefits in order to determine the deficiency, if any, for which the carrier is liable. Until the Commission has made this determination and it is found that there is no deficiency which must be contributed to by the compensation carrier, the settlement agreement is subject to the written approval by the carrier. The jurisdiction of the Superior Court in the instant case was limited to distributing to Liberty Mutual the sum of $56,094.36

deposited with the court. It was without jurisdiction to enter any order or make any factual determination which directly or indirectly affected the future liability of the insurance carrier for compensation.

Finally, Liberty Mutual questions whether § 23–1023 as a matter of law prohibits depletion of the compensation carrier's statutory lien by deducting those items of the recovery which are not compensated for by the Workmen's Compensation Act. It is the appellees' position that it is more equitable for the statutory lien to attach only to those items attributable to medical expenses, loss of income and loss of future earning capacity.

We observe that it is now uniformly held that aggravation of the primary injury by medical and surgical treatment is compensable under Workmen's Compensation Acts. 1 Larson's Workmen's Compensation Law, § 1321, and *see, e. g.*, Heaton v. Kerlan, 27 Cal.2d 716, 166 P.2d 857 (1946) and Matter of Parchefsky v. Kroll Bros., Inc., 267 N.Y. 410, 196 N.E. 308 (1935). In Heaton v. Kerlan, the court said, quoting from an earlier California case, that:

" * * * the employee is entitled to recover under the schedule of compensation for the extent of his disability, based on the ultimate result of the accident, regardless of the fact that the disability has been aggravated and increased by the intervening negligence or carelessness of the employer's selected physician." 27 Cal.2d at 720, 166 P.2d at 859.

The Legislature has required that the entire recovery from a third party less expenses and attorney's fees be subject to the compensation carrier's lien, possibly believing that the compensation carrier should be repaid the amount that it is compelled to pay because of malpractice injuries. While this may work an inequitable result in some instances, the statute has a reasonable basis and is therefore within the proper sphere of legislative action. The trial court erred in reducing the statutory lien by the amounts attributable to pain and suffering, loss of consortium and other elements of the individual appellees' damages which were not compensable under the Workmen's Compensation Act.

For the foregoing reasons, the judgment of the Superior Court is reversed.

HAYS, C. J., CAMERON, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.