538 P.2d 382

**James E. HENDRY, Jr., Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION of Arizona, Respondent,**

**Allison Steel Manufacturing Co., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 12116–PR.**

Supreme Court of Arizona,
En Banc.

Aug. 1, 1975.

Rehearing Denied Sept. 16, 1975.

Rabinovitz & Minker, P. C. by Bernard I. Rabinovitz, Tucson, for petitioner.

Edward F. Cummerford, Chief Counsel, The Industrial Commission of Arizona, Phoenix, for respondent.

Snell & Wilmer by James A. Honer, Phoenix, for respondent employer.

Robert K. Park, Chief Counsel, State Compensation Fund by J. Victor Stoffa, Phoenix, for respondent carrier.

HAYS, Justice.

We accepted this petition for review for the purpose of deciding one issue: whether a carrier has a lien for contingent liability against a recovery by a claimant in a third-party action for pain and suffering and uncompensated loss of wages. The carrier in this instance is the State Compensation Fund, and the claimant is James E. Hendry, Jr.

The claimant was injured in an industrial accident and accepted compensation. Pursuant to ARS § 23–1023(C) (as amended, Laws of 1968 [1]) he elected to sue the third-party tort-feasor. The claimant reached a settlement in the third-party action and sought the approval of this settlement by the Industrial Commission. Excluding the amounts necessary to repay the compensation already received and medical expenditures paid, and the amounts necessary to effect the settlement, there remained $34,108.82, the sum now in dispute.[2]

---

1. "C. If he [the injured workman] proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectible from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. The amount actually collectible shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case. Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim."

2. The record indicates that additional compensation payments to claimant are contemplated in the future.

The hearing officer held that this amount is subject to the lien of the carrier in accord with ARS § 23–1023(C) (as amended, 1968). The Commission affirmed. The Court of Appeals set the decision aside. *Hendry v. Industrial Commission et al.,* 23 Ariz.App. 307, 532 P.2d 882 (1975). The decision of the Court of Appeals is vacated. The decision of the Industrial Commission is affirmed.

The case of *Liberty Mutual Insurance Co. v. Western Casualty & Surety Co.,* 111 Ariz. 259, 527 P.2d 1091 (1974), is dispositive of the issue before us. It is also in accord with the majority rule in the United States that allows the employer's carrier to have a lien on the employee's third-party recovery entirely, despite the fact that some or all of the recovery was for amounts not compensable by the workmen's compensation act, such as pain and suffering. 2 Larson, Workmen's Compensation Law § 74.35.

In Liberty Mutual, *supra,* the trial court allowed the carrier a lien only on those items covered by workmen's compensation. This court reversed the holding. By the provisions of ARS § 23–1023(C) (as amended, 1968), an insurance carrier is given a lien on the amount "actually collectible" which is defined as "the total recovery" minus attorneys' fees and reasonable expenses of litigation or necessary efforts to effect a settlement to the extent of the compensation, and medical, surgical and hospital benefits paid. *Liberty Mutual Insurance Co. v. Western Casualty & Surety Co., supra.* While this may have an inequitable result in certain cases, the legislature has clearly established in the wording of the statute that the entire recovery be subject to the compensation carrier's lien with only the specific exceptions noted above and not at issue now. *Liberty Mutual Insurance Co. v. Western Casualty & Surety Co., supra.* In the Liberty Mutual case, the trial court erred in reducing the statutory lien of the carrier by the amounts not recoverable under the workmen's compensation act.

We affirm the findings of the Industrial Commission.

CAMERON, C. J., STRUCKMEYER, V. C. J., and LOCKWOOD and HOLOHAN, JJ., concur.