349 So.2d 1390 (1977)
Matthew J. WILLIS, Plaintiff-Appellee,
v.
STAUFFER CHEMICAL CO. et al., Defendants-Appellants.
No. 6002.
Court of Appeal of Louisiana, Third Circuit.
September 23, 1977.
Woodley & Fenet by E. E. Woodley, Lake Charles, for defendants-appellants.
Gravel, Roy & Burnes by James J. Brady, Alexandria, for plaintiff-appellee.
Gold, Little, Simon, Weems & Bruser, John F. Simon, Alexandria, for intervenor-appellee.
Stafford, Randow, O'Neal & Smith by Grove Stafford, Jr., Alexandria, for defendant-appellee.
*1391 Before HOOD, FORET and HEARD, JJ.

ON REHEARING
HEARD, Judge.
We granted a rehearing in this matter, on application of intervenor, Aetna Casualty and Surety Company, to reconsider that part of our original opinion which failed to grant legal interest on weekly workmen's compensation benefits and medical expenses previously paid, and to be paid, by Aetna pending finality of this appeal.
In our original opinion we stated that Hall v. Hartford Accident & Indemnity Company, 278 So.2d 795 (La.App. 4th Cir. 1973), had disallowed judicial interest in a case such as the one at bar. We erred in that respect. Hall made no mention of interest one way or another. However, the court in the Hall case cited as authority for its holding the case of Barrois v. Service Drayage Company, 250 So.2d 135 (La.App. 4 Cir. 1971). In Barrois, the Court of Appeal specifically provided for interest "thereon from May 17, 1967, until paid," that date apparently being the one on which the Insurance Company of North America had intervened. In Burley v. Louisiana Power & Light Company, 327 So.2d 585 (La.App. 4 Cir. 1976), the Court of Appeal, in awarding an intervenor-compensation-insurer judgment for compensation benefits paid, did not mention legal interest, but relied on Barrois. In Cain v. Witco Chemical Corp., 341 So.2d 1220 (La.App. 1 Cir. 1977), citing both Hall and Barrois, the First Circuit awarded to the intervenor, Employer's Insurance Company of Wausau, such workmen's compensation benefits as Employer's had paid, or was required to pay, "together with legal interest thereon from date of judicial demand, until paid."
From the foregoing, we conclude that we erred in our original opinion in not allowing legal interest as demanded by intervenor, Aetna Casualty and Surety Company.
Accordingly, we hereby amend our original judgment and the judgment of the trial court to decree that Aetna Casualty and Surety Company, intervenor, shall be paid by Stauffer Chemical Company and Travelers Insurance Company, by preference and priority out of the sums awarded to plaintiff Matthew J. Willis, (1) the full amount which Aetna actually paid up to and including November 8, 1973, to or in behalf of Matthew J. Willis, as weekly workmen's compensation benefits and medical expenses, plus legal interest thereon from date of judicial demand, November 8, 1973, until paid; and (2) the full amount which Aetna actually has paid or will have paid to or in behalf of Willis, as compensation benefits and medical expenses, from November 8, 1973, until this judgment becomes final, plus legal interest on the amount of each such payment from the date the payment was or will have been made, until paid.
In all other respects our original decree is affirmed and reinstated.