707 P.2d 986

**David T. YOUNG, Petitioner Employee,**

v.

**INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Cimetta Engineering & Construction Co., Inc., Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 3217.**

Court of Appeals of Arizona, Division 1, Department A.

Oct. 1, 1985.

Johnson & Mahon by Alex Mahon, Tucson, for petitioner.

Dennis P. Kavanaugh, Chief Counsel, Phoenix, for respondent Industrial Comm. of Ariz.

Robert K. Park, Chief Counsel, Phoenix, by George B. Morse, Tucson, and John R. Greer, Phoenix, for respondent Employer and respondent Carrier.

## OPINION

HAIRE, Judge.

The only issue presented in this review of an award entered by the respondent Commission is whether a carrier's lien pursuant to A.R.S. § 23–1023 extends to post-judgment interest accrued and collected by the injured workman on his judgment against a negligent third party.

The workman, David T. Young (claimant), was injured in an accident arising out of and in the course of his employment. His claim was accepted by the respondent carrier, and $9,600.14 in workers' compensation benefits was paid to him. Prior to the entry of the award which is the subject of this review, his condition became stationary with a ten percent permanent partial impairment, with no loss of earning capacity. Therefore, his present entitlement to payment of workers' compensation benefits ceased, subject to a possible right to future benefits upon the occurrence of the contingencies set forth in A.R.S. § 23–1061(H).

In his action against the negligent third party, claimant obtained a judgment in the amount of $287,500, which was affirmed on appeal by the Arizona Supreme Court. Post-judgment interest accrued in claimant's favor in the amount of $82,634.02, resulting in a total of $370,134.02 as the amount actually collected by claimant. After deducting $123,378 for attorney's fees, $11,691.34 for costs and expenses, and $9,600.14 for the respondent carrier's lien for previously paid benefits, the net amount received by the claimant was $225,464.54, which included $55,089.35 as post-judgment interest.[1]

Upon receipt of the above information, the carrier issued a notice of claim status asserting a lien, claiming a credit against claimant's possible future benefits in the amount of $225,464.54, which included the post-judgment interest received by claimant.[2] The claimant admits that the carrier is entitled to credit in the amount of $170,375.19 against its contingent future liability for compensation benefits, but opposes the carrier's assertion of a lien on the amount of $55,089.35, representing post-judgment interest.

After considering the arguments of the parties, the Commission issued its findings and award holding that the carrier was entitled to assert a lien credit on the total

---

1. Summarized, the judgment, interest and dispostion of proceeds was as follows;

| | |
|---|---|
| Judgment | $287,500.00 |
| Post-judgment interest | 82,634.02 |
| Total amount collected | 370,134.02 |

| | | |
|---|---|---|
| Less attorney's fees | $123,378.00 | |
| Costs and expenses | 11,691.34 | |
| Carrier's lien | 9,600.14 | $144,669.48 |
| Amount paid to claimant | | 225,464.54 |

2. Under Arizona law, a carrier is entitled to assert a lien for contingent future benefits

amount, including the post-judgment interest. Claimant has sought review by this court of that award.

 It is our opinion that the resolution of the issue presented is governed entirely by the express provisions of A.R.S. § 23–1023(C), and we hold that the Commission correctly applied the statute in arriving at its determination that the carrier's lien credit extended to the post-judgment interest collected by claimant.

A.R.S. § 23–1023(C) provides in pertinent part:

"[T]he insurance carrier ... shall have a lien on the amount actually collectable from such other person to the extent of such compensation ... paid. This lien shall not be subject to a collection fee. The amount actually collectable shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The insurance carrier ... shall contribute only the deficiency between the amount actually collected and the compensation ... provided or estimated ... for such case."

The statute allows the carrier to assert a lien on the "amount actually collectable", and limits the carrier's further liability to the deficiency between the "amount actually collected" and the compensation benefits accruing to the injured worker. The "amount actually collectable" is defined as including "the total recovery" less specified deductions for expenses and attorney's fees.

The issue resolves into a determination of what sums constitute the "amount actually collectable" or "the amount actually collected". The statute initially speaks in all-inclusive terms when it defines the

"amount actually collectable" as including the "total recovery". It then authorizes as deductions from the total recovery "reasonable and necessary expenses, including attorney's fees". There is no contention that interest falls within the specifically authorized exclusions.

The Arizona decisions involving this statutory provision have clearly rejected all attempts to carve out additional exceptions to the broad language of the statute. Thus, in *Ruth v. Industrial Commission*, 107 Ariz. 572, 490 P.2d 828 (1971), the Arizona Supreme Court held that under the statute the carrier's lien rights could not be reduced by requiring the carrier to pay a portion of the claimant's attorney's fees.[3] Later, in *Liberty Mutual Ins. Co. v. Western Casualty & Surety Co.*, 111 Ariz. 259, 527 P.2d 1091 (1974), the court held that the carrier's lien extended to a recovery by the claimant in a malpractice action, and that error had been committed in reducing the statutory lien by the amounts attributable to pain and suffering, loss of consortium and other elements of the individual claimant's damages which were not compensable under the Workers' Compensation Act. The court stated:

"The Legislature has provided for a lien against the 'amount actually collectible' from the third party and 'the amount actually collectible shall be the total recovery less reasonable and necessary expenses including attorney's fees actually expended * * *.' There is no principle of law short of constitutional infirmities in the statute which would permit us to set aside or ignore the express language of the Legislature." 111 Ariz. at 262, 527 P.2d at 1094.

against the amount recovered by a claimant in a third-party action. *See Hendry v. Industrial Commission,* 112 Ariz. 108, 538 P.2d 382 (1975); *Matter of Swartz,* 141 Ariz. 266, 686 P.2d 1236 (1984).

**3.** The nonliability of the carrier for a portion of the claimant's attorney's fees may in many instances be illusory. Thus, in this case, if in the future the claimant becomes entitled to additional workers' compensation benefits and exhausts the lien credit, thereby resulting in payment of additional benefits to the claimant by the carrier, the carrier at that time effectively commences to bear the burden of the claimant's attorney's fees, because the amount of the lien has been decreased to the extent of the initial deduction reimbursing claimant for those fees.

Finally, in *Hendry v. Industrial Commission, supra,* the Arizona Supreme Court reiterated its prior holding in *Liberty Mutual, supra,* stating:

"By the provisions of ARS § 23–1023(C) (as amended, 1968), an insurance carrier is given a lien on the amount 'actually collectible' which is defined as 'the total recovery' minus attorneys' fees and reasonable expenses of litigation or necessary efforts to effect a settlement to the extent of the compensation, and medical, surgical and hospital benefits paid. *Liberty Mutual Insurance Co. v. Western Casualty & Surety Co., supra.* While this may have an inequitable result in certain cases, the legislature has clearly established in the wording of the statute that the entire recovery be subject to the compensation carrier's lien with only the specific exceptions noted above and not at issue now." 112 Ariz. at 109, 538 P.2d at 383.

The teaching of these decisions is that, with the exception of the specific statutorily authorized deductions, a carrier's lien extends to the total recovery collected by the claimant, and even though the courts might consider the result inequitable, the remedy lies with the legislature.

Notwithstanding the foregoing, the claimant in this case argues that the word "recovery" in the statute should be limited solely to the damages resulting from the wrongful act of the third party, and that post-judgment interest does not fall in that category. Rather, claimant urges post-judgment interest is compensation for damages resulting from the loss of use for a period of time of the recovery awarded in the judgment itself. We reject this contention. Here, the statute speaks in terms of the *"total* recovery" (emphasis added) and the "amount *actually collected".* (Emphasis added). Unquestionably, the recovery of interest on the judgment is a part of the overall or total recovery authorized by the judgment, and, of course, it was "actually collected" by claimant. In our opinion the adoption of claimant's contention would be in derogation of the intent expressed in these provisions.

The award is affirmed.

BROOKS and GRANT, JJ.