737 P.2d 1084

### STATE COMPENSATION FUND, an Agency of the State of Arizona, Plaintiff/Appellant/Cross-Appellee,

v.

### Rebecca NELSON, an individual, Thayer C. Lindauer, P.C., a corporation; Thayer C. Lindauer, an individual; and Peter T. Van Baalen, an individual, Defendants/Appellees/Cross-Appellants.

### No. 2 CA–CIV 5705.

Court of Appeals of Arizona, Division 2, Department B.

May 21, 1986.

State Compensation Fund by Robert K. Park, Chief Counsel, and Christopher E. Kamper, Phoenix, for plaintiff/appellant/cross-appellee.

Lindauer & Theut, P.C. by Thayer C. Lindauer, Phoenix, for defendants/appellees/cross-appellants Nelson and Lindauer.

Van Baalen Law Offices by Richard T. Weissman, Phoenix, for defendant/appellee/cross-appellant Van Baalen.

LACAGNINA, Judge.

This appeal arises from an action in the superior court brought by the State Compensation Fund, an agency of the State of Arizona. The Fund had paid compensation benefits to the appellee, Rebecca Nelson, surviving spouse of Donald B. Nelson, who was killed in the course and scope of his employment with Apache Airlines. Through July 1982 the Fund paid the sum of $22,680.17 to the widow and the total sum of $7,251.06 to his son and daughter from a previous marriage.

As permitted by A.R.S. § 23–1023, the widow and children brought an action in United States District Court against third parties claimed to be liable for the death. The same statute gives the Fund a lien upon amounts recovered against such third parties. Mrs. Nelson was represented by appellees Thayer C. Lindauer and Peter T. Van Baalen. On March 6, 1980, a settlement was reached under the terms of which the third-party defendants interpled $225,000, leaving the court to determine the respective shares of the plaintiffs. On March 12, 1980, the court ordered the proceeds deposited into an interest-bearing account. On September 27, 1980, the court ordered $75,000 set aside for attorney's

fees and that the widow and the children were each entitled to $50,000.

The widow moved to vacate that order and appealed from the denial of that motion. However, the Ninth Circuit Court of Appeals affirmed and that division of the settlement proceeds became final. By May 12, 1982, the $225,000 had grown to $286,168.31 because of interest in the amount of $61,168.31. This was an increase of 27.186 percent. The account was disbursed beginning May 13 as follows:

|  | Principal | Interest | Total Disbursed |
|---|---|---|---|
| Mrs. Nelson | $ 50,000.00 | $13,592.96 | $ 63,592.96 |
| Two children | 100,000.00 | 27,185.91 | 127,185.91 |
| Attorneys | 75,000.00 | 20,389.44 | 95,389.44 |
|  | $ 225,000.00 | $61,168.31 | $286,168.31 |

The final disbursement was made on August 4, 1982.

On September 3, 1982, the children reimbursed the fund the $7,251.06 they had received in benefits and the interest earned on that amount, $1,971.27. Prior to that, on July 20, 1982, the widow, through her attorneys, tendered the sum of $22,680.17, the amount of benefits paid to her, but refused to pay the interest earned on that sum, which at 27.186 percent was calculated to be $6,165.83. This was the first knowledge the Fund had of the settlement. This tender was refused and the Fund brought this action.

The trial court heard cross-motions for summary judgment and awarded the Fund, in addition to the benefits paid, $434.96 only, that being 10 percent interest on the amount of those benefits from May 11, 1982, through July 20, 1982. The judgment was against Mrs. Nelson only, the trial court finding in favor of the attorneys. The trial court reasoned that the amounts "actually collectable" pursuant to A.R.S. § 23–1023(C) by defendant Rebecca Nelson in the District Court action were not subject to determination until May 11, 1982, and, accordingly, the plaintiff's lien could not attach prior thereto under the statute.

■ The Fund first contends that the widow and children were required to notify the Fund and seek its approval of the settlement with the third parties before proceeding with that settlement in federal court. A.R.S. § 23–1023(C) provides:

C. If he proceeds against such other person, compensation and medical, surgical and hospital benefits shall be paid as provided in this chapter and the insurance carrier or other person liable to pay the claim shall have a lien on the amount actually collectable from such other person to the extent of such compensation and medical, surgical and hospital benefits paid. This lien shall not be subject to a collection fee. The amount actually collectable shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. The insurance carrier or person shall contribute only the deficiency between the amount actually collected and the compensation and medical, surgical and hospital benefits provided or estimated by the provisions of this chapter for such case. *Compromise of any claim by the employee or his dependents at an amount less than the compensation and medical, surgical and hospital benefits provided for shall be made only with written approval of the compensation fund, or of the person liable to pay the claim* (emphasis added).

Both the Fund and the appellees rely on the last sentence of this statute. The appellees contend that no notice to the fund was necessary because when the settlement was made the amount of Mrs. Nelson's recovery from the $225,000 would be more than sufficient to pay the Fund's lien. We disagree. It was not until September 27, 1980, that the federal court ordered a division of the proceeds and Mrs. Nelson was awarded $50,000. Even then, because the fund was obligated to pay the widow monthly benefits until her death, A.R.S. § 23–1046(A)(2), the amount of the benefits required to be paid could not be determined. However, under Arizona law the Fund is entitled to assert a lien for contingent future benefits against the amount recovered by the claimant in a third party action. *See Hendry v. Industrial Commission*, 112 Ariz. 108, 538 P.2d 382 (1975). Obviously, the Fund is prejudiced if a set-

tlement is made for less than the benefits paid and to be paid. When the court approved this settlement on March 12, 1980, the federal court defendants were all dismissed with prejudice. This is surely the purpose for requiring the Fund's approval of a settlement. *See Hornback v. Industrial Commission,* 106 Ariz. 216, 474 P.2d 807 (1970); *Mannel v. Industrial Commission,* 142 Ariz. 153, 688 P.2d 1045 (App. 1984).

However, having decided this issue in favor of the appellant Fund, we are unable to determine whether the failure to seek the Fund's approval here caused any prejudice to the Fund. Nor does the Fund suggest that it is entitled to any relief, monetary or otherwise, because of this failure to seek its approval of the settlement.

The appellant next contends that because the settlement proceeds, including the appellant's "share" by virtue of its lien rights, were invested and interest was paid, it is entitled to a proportionate share of that interest. The trial court agreed but found that the Fund was entitled to such interest only from May 11, 1982. The court made this ruling because it found that the amount "actually collectable" by Mrs. Nelson could not be determined until that date. That was the date that the federal court ordered disbursal of $63,-592.96 to her. We agree that the Fund was entitled to share in the interest earned on the settlement proceeds but disagree with the court's conclusion that because the amount actually collectable by the widow could not be determined until the later date, that it limits the amount of the interest to which the fund is entitled is thereby limited.

■ First, we find that the ruling that the Fund is entitled to a proportionate share of the interest is supported by all but one of the decisions we have found. A case squarely on point is *Fireman's Fund Indemnity Co. v. Batts,* 11 N.J.Super. 242, 78 A.2d 293 (1951). In that opinion, the court said in affirming:

> The appellant contends that New Amsterdam is not in any event entitled to any interest in the absence of express

statutory provision therefor. When the judgment of $48,000 was entered it was immediately payable and New Amsterdam had a rightful claim to a portion thereof amounting to $8,778.25. When payment was not made forthwith, interest duly accrued and has since been paid on the entire amount of the judgment from the date thereof together with the principal. We see no reason why, under accepted principles, the interest which actually accrued on that part of the judgment claim which may, in substance and legal contemplation, be said to have been due but withheld from New Amsterdam should not be payable to it.

*Id.* at 244, 78 A.2d at 295. *See also Candiano v. Moore-McCormack Lines, Inc. v. John W. McGrath Corp.,* 407 F.2d 385 (2d Cir.1969); *Becker v. Huss Co., Inc.,* 43 N.Y.S.2d 527, 402 N.Y.S.2d 980, 373 N.E.2d 1205 (1978); *contra, Commissioners of State Insurance Fund v. O'Dwyer,* 37 A.D.2d 297, 325 N.Y.S.2d 53 (1971). *Cf. Young v. Industrial Comm'n of Arizona,* 146 Ariz. 582, 707 P.2d 986 (App.1985) (holding that the carrier's § 23–1023(C) lien extended to post-judgment interest collected by the claimant on the judgment against negligent third party).

■ We must now explain why we believe the amount of the Fund's lien from time to time collectable from Mrs. Nelson's share of the settlement could be determined as of March 12, 1980, the date the proceeds commenced to earn interest, and subsequent thereto when payment of $63,-592.96 was made to her. We believe the several Arizona decisions that hold a creditor is entitled to prejudgment interest when the sum demanded is liquidated are controlling. *See, e.g., Costanzo v. Stewart Title & Trust of Phoenix,* 23 Ariz.App. 313, 533 P.2d 73 (1975). Here we are concerned with the amount of the benefits paid by the Fund. This amount was at all times susceptible to exact determination. No part of the amount was subject to opinion or discretion, and it could always have been determined with precision. Likewise, the amount of interest earned could be determined with mathematical certainty. The

allowance of prejudgment interest on this sum should not be defeated because of the possibility that Mrs. Nelson's share of the $225,000 settlement might be insufficient to pay the Fund's lien. We liken that determination to the existence of a counterclaim to be set off against the ascertainable amount due under a contract. The fact that the validity and amount of the counterclaim must be determined does not defeat a claim for prejudgment interest on the liquidated sum. *See Homes & Son Construction Co., Inc. v. Bolo Corp.*, 22 Ariz.App. 303, 526 P.2d 1258 (1974).

The Fund was entitled to interest in the amount sought, $6,165.83 as of July 20, 1982, and the judgment against Mrs. Nelson must be so modified. We are not persuaded that the statute gives the Fund a right of recovery from the attorneys. Nor does the theory of unjust enrichment give such a right. Their fees, allowed by the federal court from the settlement proceeds, were also paid from the invested funds. Since their ultimate share of these proceeds earned interest, and both principal and interest were paid to them, they were not "unjustly enriched."

Appellee Van Baalen has cross-appealed, claiming the trial court erred in denying attorney's fees. He contends the action was not taken in good faith, A.R.S. § 12–341.01(C). The trial court implicitly found to the contrary. We agree with that finding. In its discretion, the trial court denied fees on any other basis. We find no abuse of that discretion. *See Associated Indemnity Corp. v. Warner*, 143 Ariz. 567, 694 P.2d 1181 (1985).

In our discretion, we deny requests for attorney's fees on appeal and order that each party must bear his own costs.

The judgment is affirmed as modified.

HATHAWAY, C.J., and LIVERMORE, P.J., concur.