737 P.2d 1088

**STATE COMPENSATION FUND, an Agency of the State of Arizona, Plaintiff/Appellant/Cross-Appellee,**

v.

**Rebecca NELSON, an individual, Thayer C. Lindauer, P.C., a corporation; Thayer C. Lindauer, an individual; and Peter T. Van Baalen, an individual, Defendants/Appellees/Cross-Appellants.**

**No. CV 86–0438–PR.**

Supreme Court of Arizona, In Banc.

May 28, 1987.

Reconsideration Denied July 7, 1987.

State Compensation Fund' by Robert K. Park, Chief Counsel and Christopher E. Kamper, Phoenix, for plaintiff/appellant/cross-appellee.

Lindauer Law Offices by Thayer C. Lindauer, Thousand Oaks, Cal., for defendants/appellees/cross-appellants Nelson and Lindauer.

Van Baalen Law Offices by Richard T. Weissman, Phoenix, for defendants/appellees/cross-appellants Van Baalen.

CAMERON, Justice.

Rebecca Nelson (Nelson) petitioned for review of a decision of the court of appeals which modified the trial court's judgment in an action by the State Compensation Fund (Fund) against Nelson. *State Compensation Fund v. Nelson*, 153 Ariz. 446, 737 P.2d 1084 [1986]. We have jurisdiction pursuant to Ariz. Const. art. 6, § 5(3), A.R.S. § 12–120.24, and Rule 23, Ariz.R. Civ.App.P., 17A A.R.S.

We granted Nelson's petition for review as to the two issues she raised. We denied the Fund's petition for review. Although stated differently, we believe the issues that we must determine are:

A. What are the "amounts actually collectable" pursuant to A.R.S. § 23–1023(C)?

B. Do the Fund's lien rights attach to interest accrued on the recovery prior to its actual disbursement?

### FACTS

The facts are not in dispute. On 6 May 1971, Donald Nelson was killed in an airplane crash while in the course and scope of his employment with Apache Airlines, Inc. (Apache). He was survived by his spouse, Rebecca Nelson, and two dependent children from a previous marriage (children). At the time of the accident, Apache was insured for workers' compensation purposes by the Fund. The claims of Nelson and of the children were accepted and benefits were paid. The widow's benefits paid to Nelson through July 1982 totaled $22,680.17; the children received a total of $7,251.06 for dependent children benefits.

On 21 March 1972, Nelson and the children filed lawsuits for the wrongful death of Donald Nelson in United States District Court under the Federal Tort Claims Act (FTCA) against various defendants, other than Apache. On 6 March 1980, a settle-

ment of the FTCA claims was reached whereby the various third-party defendants interpled the sum of $225,000.00 to be distributed as directed by the court. The court approved the settlement on 12 March 1980. The $225,000.00 was then deposited into an interest-bearing account on 12 March 1980, pending distribution.

On 23 September 1980, the district court ordered the distribution of the $225,000.00 by establishing an amount of $75,000.00 for attorneys' fees, and dividing the remainder equally among the widow and the children.

Nelson moved to vacate the order and filed an appeal. On 21 October 1980, the district court ordered the clerk of the district court not to distribute the proceeds. On 19 February 1982, the United States Court of Appeals for the Ninth Circuit affirmed the district court's order of distribution.

As of 12 May 1982, the gross settlement proceeds had increased to $286,168.31 as a result of interest earned on the original $225,000.00 settlement. The $286,168.31 was disbursed as follows:

| | Principal | Interest | Total Disbursed |
|---|---|---|---|
| Nelson | $ 50,000.00 | $13,592.96 | $ 63,592.96 |
| Children (2) | 100,000.00 | 27,185.91 | 127,185.91 |
| Attorneys | 75,000.00 | 20,389.44 | 95,389.44 |
| | $225,000.00 | $61,168.31 | $286,168.31 |

On 20 July 1982, Nelson tendered the sum of $22,680.17 to the Fund pursuant to A.R.S. § 23–1023(C) to reimburse the Fund for widow's benefits. The Fund demanded from Nelson its proportionate share of the accrued interest earned on the amount of their claim from 12 March 1980 in the amount of $6,165.83. Nelson refused to tender this amount.

The Fund then filed a complaint against Nelson in Maricopa County Superior Court alleging unjust enrichment by her wrongful retention of the Fund's proportionate share of the interest earned on the FTCA settlement.

The Maricopa County Superior Court determined that the Fund's statutory lien on the settlement proceeds did not attach until 11 May 1982, when the amounts "actually collectable" by Nelson were subject to determination. The trial court granted summary judgment against Nelson and in favor of the Fund for the amount of $434.96, representing interest at the statutory rate of 10% per annum, from 12 May 1982 through 20 July 1982 on the $22,680.17. The Fund appealed to the court of appeals.

The court of appeals held that the settlement proceeds became available as of 12 March 1980, the date the district court approved the settlement. The court, therefore, awarded the Fund its proportionate share of the interest earned on the settlement proceeds from 12 March 1980 until disbursed on 12 May 1982, in the amount of $6,165.83. We granted Nelson's petition for review because we disagree with the court of appeals as to what constitutes the "amount actually collectable" pursuant to A.R.S. § 23–1023(C), and, whether the Fund's lien rights attach to interest accrued on the recovery prior to disbursement.

## "AMOUNT ACTUALLY COLLECTABLE"

■ In Arizona, a workers' compensation insurance carrier has a lien on the amount that a claimant is awarded from a third party tort-feasor "to the extent of the benefits the employer is required by law to provide...." *Chevron Chem. Co. v. Superior Court*, 131 Ariz. 431, 435, 641 P.2d 1275, 1279 (1982) (citing *Olivas v. United States*, 506 F.2d 1158 (9th Cir.1974)); *see also Liberty Mutual Ins. Co. v. Western Casualty & Sur. Co.*, 111 Ariz. 259, 527 P.2d 1091 (1974).

The statutory authority for the Fund's lien is found in A.R.S. § 23–1023(C), which reads in part:

C. If he [the employee or his dependents entitled to workers' compensation] proceeds against such other person [a

third party not in the same employ], compensation ... shall be paid ... and the insurance carrier or other person liable to pay the claim shall have a lien on the *amount actually collectable* from such other person to the extent of such compensation.... The *amount actually collectable* shall be the total recovery less the reasonable and necessary expenses, including attorneys' fees, actually expended in securing such recovery. A.R.S. § 23–1023(C) (emphasis added).

■ According to this statute, the Fund "shall have a lien on the amount actually collectable." The statute describes the "amount actually collectable" as the "total recovery less the reasonable and necessary expenses." The issue, therefore, "resolves into a determination of what sums constitute the 'amount actually collectable' or the 'amount actually collected.'" *Young v. Industrial Comm'n*, 146 Ariz. 582, 584, 707 P.2d 986, 988 (App. 1985); *see also Hendry v. Industrial Comm'n*, 112 Ariz. 108, 109, 538 P.2d 382, 383 (1975), *cert. denied*, 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed.2d 332 (1976). We believe that the "total recovery" refers only to the total sum of money awarded by judgment. It should be noted that the phrase "amount actually collectable" refers to the sum of money the compensation carrier's lien rights can reach, not when the funds can be reached.

■ Consistent with the above interpretation of the statute, we hold that the Fund's lien rights attached only to the amount "actually collectable" or "actually collected." In the instant case, the "amount actually collectable" by Nelson was the sum of $50,000.00.

## ACCRUED INTEREST

■ When the employee comes into possession of the "amount actually collectable," that is, the "total recovery, less the reasonable and necessary expenses," the compensation carrier's lien rights attach but only to the extent of "compensation and medical, surgical and hospital benefits paid" by the carrier. A.R.S. § 12–1023(C). In interpreting a statute we must give effect to the legislative intent. *Mardian Constr. Co. v. Superior Court*, 113 Ariz. 489, 492, 557 P.2d 526, 529 (1976). We infer this intent from the language used in the context of the statute and the entire act of which it is a part. *Grant v. Board of Regents*, 133 Ariz. 527, 529, 652 P.2d 1374, 1376 (1982). Unless this context requires otherwise, the language used has its usual meaning. *McIntyre v. Mohave County*, 127 Ariz. 317, 319, 620 P.2d 696, 698 (1980). Workers' compensation statutes must be given liberal interpretation in favor of the worker. *Bill Breck Dodge v. Industrial Comm'n*, 138 Ariz. 388, 391, 675 P.2d 275, 278 (1983).

Few other courts[1] have addressed the specific issue of whether the carrier's lien attaches to accrued interest, but we find persuasive the reasoning of the Illinois court in *Kirk v. Walter E. Deuchler Assoc., Inc.*, 96 Ill.App.3d 99, 51 Ill.Dec. 566, 420 N.E.2d 1124 (1981):

> Section 5(b) [of the Illinois Workers' Compensation Act] states that the employee need only pay back amounts received from the employer when a "judgment is obtained *and paid*" (emphasis added). Since the employer's right to reimbursement only arises when the judgment is paid, he has no claim to interest on the judgment while it has not been satisfied.

> \*　\*　\*　\*　\*　\*

The purpose of the [Workers' Compensation] Act is to provide compensation to accidentally injured employees. Compensation to an employee being the primary purpose, the Act also allows employers reimbursement rights where a third party is the actual tortfeasor. But the Act limits reimbursement to the amounts paid, payable only when a judgment

---

1. Other states have interpreted the governing statutes to award interest to the compensation insurer in similar circumstances. *See, e.g., Willis v. Stauffer Chem. Co.*, 349 So.2d 1390 (La. App.1977); *Elwell v. American Smelting and Ref., Inc.*, 711 P.2d 819 (Mont.1985); *Becker v. Huss Co., Inc.*, 43 N.Y.2d 527, 402 N.Y.S.2d 980, 373 N.E.2d 1205 (1978).

against the third party has been satisfied.

*Id.* at 101, 51 Ill.Dec. at 567–68, 420 N.E.2d at 1125–26; *see also Shelby v. Sun Express, Inc.,* 107 Ill.App.3d 362, 63 Ill.Dec. 115, 437 N.E.2d 764 (1982).

We hold that the "amount actually collectable" does not include interest accrued on the recovery prior to disbursement and, therefore, the compensation carrier's lien rights could not attach to the interest accrued. The opinion of the court of appeals as to this issue is vacated. The trial court was correct in awarding the Fund the amount of $434.96, representing interest at the statutory rate from 12 May to 20 July 1982.

The opinion of the court of appeals is affirmed as to all other issues.

GORDON, C.J., FELDMAN, V.C.J., and HOLOHAN, J., concur.

MOELLER, J., did not participate in the determination of this matter.