862 P.2d 888

**Ruben MARRON, Petitioner,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Department of Transportation, Respondent Employer,**

**State Compensation Fund, Respondent Carrier.**

**No. 1 CA–IC 92–0175.**

Court of Appeals of Arizona, Division 1, Department D.

Aug. 31, 1993.

Review Granted Nov. 30, 1993.

The Brian E. Smith Law Firm by Thomas W. Anderson, Yuma, for petitioner.

Anita R. Valainis, Chief Counsel, the Indus. Com'n of Arizona, Phoenix, for respondent.

State Compensation Fund, Peter C. Kilgard, Chief Counsel by Lawrence J. Sandell, Tucson, for respondents employer and carrier.

## OPINION

McGREGOR, Presiding Judge.

Ruben Marron (petitioner) challenges an Arizona Industrial Commission award of a

present lien credit to the State Compensation Fund (the Fund) made pursuant to Ariz.Rev.Stat.Ann. ("A.R.S.") § 23–1023.C (1983). Petitioner contends that the administrative law judge should have based the Fund's present lien credit upon the present value of petitioner's structured settlement with a third-party tortfeasor rather than upon petitioner's gross recovery under the settlement. We agree and set aside the award.

## I.

Petitioner suffered an industrial injury in a July 1988 auto accident. He filed a claim for workers' compensation benefits, which the Fund accepted and administered. He also filed a civil action against the third party at fault in the auto accident. *See generally* A.R.S. § 23–1023.A.

Petitioner eventually entered a structured settlement agreement in the civil action. By that time, the Fund had paid $64,944.25 on his claim and had closed it with a ten percent unscheduled permanent partial disability and no loss of earning capacity.

Under the structured settlement, the third party paid petitioner a lump sum of $300,000.00, from which he repaid the Fund's lien, attorneys' fees, and costs. The third party also purchased annuities that will pay petitioner $1,715.00 a month for twenty years and five lump sums totalling $210,000.00 over the next twenty-five years. During the next twenty-five years, therefore, petitioner will receive a total of $921,600.00. The parties agree that the present value of this structured settlement is $600,000.00.

The Fund issued a notice of claim status claiming a present lien credit of $644,-830.97. The Fund calculated that amount by subtracting costs, attorneys' fees and the lien repayment from petitioner's $921,-600.00 gross recovery, which the Fund defined as his "total recovery."

Petitioner requested a hearing, contending that the present lien credit must be calculated by defining "total recovery" as the present value of the structured settlement, $600,000.00, rather than the gross recovery. Under petitioner's theory, the Fund's present lien credit would be reduced by $321,600.00.

The administrative law judge issued an award approving the present lien credit based upon gross recovery, stating:

> The carrier's lien extends to the total third party recovery less expenses and attorney's fees. *See Mannel v. Industrial Commission,* 142 Ariz. 153, 688 P.2d 1045 (App.1984). The carrier can assert a lien on the "amount actually collectable" and Arizona decisions have rejected all attempts to carve out additional exceptions to the broad language of *A.R.S.* Section 23–1023(c). *Young v. Industrial Commission,* 146 Ariz. 582, 707 P.2d 986 (App.1985). In *Young,* the court upheld the Industrial Commission's decision that post-judgment interest was included in the "amount actually collectable" because it was part of the total recovery received by the applicant. The phrase "amount actually collectable" refers to the sum of money the carrier's lien rights can reach, not when the funds can be reached. *State Compensation Fund v. Nelson,* 153 Ariz. 450, 453, 707 [737] P.2d 1088, 1091 (1987).
>
> ... The applicant argues he should not be penalized because he chose a structured settlement rather than a lump sum payment and investing the money himself. However, as the court stated in *Young, supra.,* even if at times inequitable, a carrier's lien extends to the total recovery collected by the applicant, and any remedy lies with the legislature rather than the courts. Based upon the unambiguous language of the statute and the interpretation by the Arizona Courts, it is found the defendant insurance carrier[']s lien extends to the applicant's total recovery from the settlement of the third party claim ($921,600.00) less attorney's fees and reasonable and necessary expenses, including repayment of the past lien of the carrier. The defendant insurance carrier therefore has a lien credit for future benefits in the amount of $644,830.97.

After the administrative law judge affirmed the award, petitioner filed this special action. We have jurisdiction pursuant to A.R.S. §§ 12–120.21 and 23–951.A.

## II.

■ This court independently determines issues of law. *See Central Management Co. v. Indus. Comm'n,* 162 Ariz. 187, 189, 781 P.2d 1374, 1376 (App.1989). When interpreting a statute, we must give effect to legislative intent. We determine the legislative intent from the language used in the context of the statute and the entire act. *State Compensation Fund v. Nelson,* 153 Ariz. 450, 453, 737 P.2d 1088, 1091 (1987). We give the language in the workers' compensation statutes a liberal interpretation in favor of the compensation claimant. *Id.* (citing *Bill Breck Dodge, Inc. v. Indus. Comm'n,* 138 Ariz. 388, 391, 675 P.2d 275, 278 (1983)).

## A.

■ To determine the appropriate measure for the Fund's present lien credit, we begin with the language of the statute. Section 23–1023.A permits an injured worker (and/or his dependents) to receive workers' compensation and to pursue a civil action against third-party tortfeasors. The compensation carrier, however, has a lien under section 23–1023.C, which states in relevant part:

If he [the workers' compensation claimant] proceeds against such other person [the third party at fault], compensation and medical, surgical and hospital benefits shall be paid : ... and the insurance carrier ... shall have a lien on the *amount actually collectable* from such other person to the extent of such compensation and medical, surgical and hospital benefits paid.... *The amount actually collectable shall be the total recovery less the reasonable and necessary expenses,* including attorneys' fees,

actually expended in securing such recovery. The insurance carrier ... shall contribute only the deficiency between the amount actually collected and the ... [workers' compensation benefits] provided or estimated ... for such case.

A.R.S. § 23–1023.C (emphasis added).[1] Under Arizona law, a carrier may assert a lien credit for contingent future workers' compensation benefits against the amount actually collectable by a claimant in a third-party action. *See Hendry v. Indus. Comm'n,* 112 Ariz. 108, 538 P.2d 382 (1975), *cert. denied,* 424 U.S. 923, 96 S.Ct. 1133, 47 L.Ed.2d 332 (1976); *In re Swartz,* 141 Ariz. 266, 686 P.2d 1236 (1984).

The parties agree that the case law interpreting section 23–1023.C awards the Fund a lien credit against petitioner's "total recovery." The parties' dispute centers on their disagreement about the meaning of "total recovery" when the recovery from a third party involves a structured settlement.

Petitioner focuses upon what the statute fails to say about the lien credit. He correctly observes that section 23–1023.C not only fails to spell out steps to determine the amount of a lien credit resulting from a structured settlement, but also fails even to mention a lien credit. Because the statute does not refer to a carrier's lien credit, petitioner argues, the existence of such a credit depends not on the plain meaning of the statute but upon the case law interpreting the statute that gives rise to the lien credit. *See Hendry,* 112 Ariz. at 109, 538 P.2d at 383. He concludes that, because the lien credit depends upon judicial construction of the statute, Arizona's courts can tailor the credit to fit a structured settlement.

The Fund contends that the language of section 23–1023.C is clear and that the language of the statute determines the amount of the lien credit even if the credit has been judicially implied. The statute

---

**1.** The purpose of the statutory lien is to "require the third party to pay what he would normally pay if there were no workers' compensation, to reimburse the carrier for its compensation expenditure, and to allow the compensation beneficiary to enjoy the excess of the damage recovery over compensation." *Mannel v. Indus. Comm'n,* 142 Ariz. 153, 155, 688 P.2d 1045, 1047 (App.1984), *cert. denied,* 469 U.S. 1212, 105 S.Ct. 1183, 84 L.Ed.2d 331 (1985).

defines the "amount actually collectable" to be the "total recovery" less the actual and reasonable expenses of recovery. According to the Fund, "total recovery" plainly means the entire third-party recovery, not the present value. It accordingly concludes that section 23–1023.C clearly allows a present lien credit for gross payments under a structured settlement.

We do not find the meaning of "total recovery" to be as plain as the Fund contends. To the contrary, the trend of cases interpreting the statute indicates that the meaning of "total recovery" is plain only in the simple case of a direct recovery by a single workers' compensation claimant. In such a simple case, the supreme court has interpreted "total recovery" literally to include the entire recovery from a third party, including elements of tort damages that are not compensable under the workers' compensation statutes, such as pain and suffering and loss of consortium. *See Liberty Mutual Ins. Co. v. Western Casualty & Surety Co.*, 111 Ariz. 259, 263, 527 P.2d 1091, 1095 (1974).

But in the more complex case of a segregated recovery for an injured worker's spouse's loss of consortium, this court concluded that section 23–1023.C "does not define how [the] credit should be applied when the employee and his dependents recover segregated damages prior to the death of an injured worker." *Martinez v. Indus. Comm'n*, 168 Ariz. 307, 310, 812 P.2d 1125, 1128 (App.1991). The *Martinez* court concluded that section 23–1023.C is unclear as applied to a segregated recovery and therefore structured the carrier's lien to satisfy the general purposes of the statute.

Similarly, although this court concluded that post-judgment interest is a part of the overall or total recovery, *Young v. Indus. Comm'n*, 146 Ariz. 582, 585, 707 P.2d 986, 989 (App.1985), the supreme court found a latent ambiguity in section 23–1023.C, which fails to specify when the lien attaches. *Nelson*, 153 Ariz. at 453–54, 737 P.2d at 1091–93. Relying on the remedial purpose of workers' compensation law, the court concluded that the lien attaches only when the amount recovered actually is paid to the claimant. *Id.*

■ We believe the meaning of "total recovery" also is unclear when recovery from a third party involves a structured settlement. Both the gross amount to be recovered and the timing of the payments determine the settlement's total value. *See generally* 2 DAN B. DOBBS, LAW OF REMEDIES § 8.5(5) (2d ed. 1993). Indeed, the Fund itself recently objected, quite properly, to delayed repayment of its lien under a structured settlement obtained without its consent. *See State Compensation Fund v. Ireland*, 174 Ariz. 490, 492–495, 851 P.2d 115, 117–120 (App.1992); *Liberty Mutual Ins. Co*, 111 Ariz. at 262, 527 P.2d at 1093. But in this case, the Fund attempts to ignore the relationship between time and money.

Because the statute provides no direction for determining the value of the "total recovery" when the timing of payment is a factor, we conclude the term is ambiguous in such a context.

### B.

In *Hagen v. Venem*, 366 N.W.2d 280 (Minn.1985), the Minnesota Supreme Court resolved the same issue as we confront today. The *Hagen* court, interpreting a statute similar to A.R.S. § 23–1023.C,[2] con-

---

2. In Minnesota, an employer or other workers' compensation carrier receives reimbursement and future credit calculated as follows:

The *proceeds* of all actions for damages or of a settlement of an action under this section ... shall be divided as follows:

(a) After deducting the reasonable cost of collection, including but not limited to attorneys['] fees and burial expenses in excess of the statutory liability, then

(b) One-third of the remainder shall in any event be paid to the injured employee or the employee's dependents, without being subject to any right of subrogation.

(c) Out of the balance remaining, the employer or the special compensation fund shall be reimbursed in an amount equal to all benefits paid under this chapter to or on behalf of the employee or the employee's dependents by the employer or special compensation fund, less the product of the costs deducted under

sidered whether the statutory reference to "total proceeds received by an employee" from a third-party tortfeasor referred to the present value of the structured settlement or to the total amount received under the settlement. The court ultimately determined that the appropriate measure of "total proceeds" is the present value of the structured settlement. *Hagen*, 366 N.W.2d at 284.

The *Hagen* court reasoned that at the time the employee agreed to the structured settlement, he received cash and the present value of the future payments, rather than the gross amount of the total payments. *Id.* Thus, under the language of the statute, "total proceeds" at the time the lien attached consisted of the cash and the present value of the future payments.

Additionally, the court noted that the present value of the settlement "reflects the amount of money a third party tortfeasor would have to pay the employee immediately for the amount ultimately paid out under the settlement to accrue under an annuity plan." *Id.* at 285. Under a structured settlement, the third party in effect acts as investor of the funds paid in settlement. The court stated that while the statute created a credit to the workers' compensation carrier, the carrier has no credit right against any return on the employee's own investment of a lump sum recovery. If the carrier's present credit were based on the gross payout from a structured set-

tlement, the carrier would receive the practical equivalent of credit for investment return on a lump sum settlement. *Id.*

■ We agree with the *Hagen* court's analysis. Given the general purpose of the statute, we do not believe the legislature intended to award the carrier an "investment credit" if a claimant accepts a structured settlement when no such credit is available if the claimant accepts a lump sum payment. We also agree with petitioner that the Fund has unfairly claimed a present lien credit for gross future payments. The value of the lien credit claimed is more than the present value of the settlement.

■ We therefore interpret the words "total recovery" in A.R.S. § 23–1023.C to mean the present value of a structured settlement. This result bases the carrier's present lien credit upon the actual value of the settlement, i.e., the cash immediately paid plus the present value of future sums to be paid, at the time the lien attaches. *See Ireland*, 174 Ariz. at 494, 851 P.2d at 119 (holding that the lien attached when the beneficiary agreed to the structured settlement). This construction of the statute avoids the inconsistent results that would follow if we treated a claimant who purchased his own annuity with a lump sum settlement differently than a claimant who received an annuity purchased by a third party with the present value of the total settlement.[3]

clause (a) divided by the *total proceeds received by the employee* or his dependents from the other party multiplied by all benefits paid by the employer or the special compensation fund to the employee or the employee's dependents.

(d) Any balance remaining shall be paid to the employee or the employee's dependents, and shall be a credit to the employer or the special compensation fund for any benefits which the employer or the special compensation fund is obligated to pay, but has not paid, and for any benefits that the employer or the special compensation fund is obligated to make in the future.

There shall be no reimbursement or credit to the employer or to the special compensation fund for interest and penalties.

Minn.Stat. § 176.061, subd. 6 (1984) (emphasis added).

3. Defining "total recovery" as the present value of a structured settlement also is consistent with other states' treatment of workers' compensation lien credits and contingent fee arrangements in the context of structured settlements. *See, e.g., Michigan Mutual Ins. v. Nikula*, 509 So.2d 334, 338–39 (Fla.Dist.Ct.App.1987) (present value of a structured settlement should be used in calculating the reduction of a workers' compensation carrier's lien required under the applicable statute for comparative negligence); *In re Estate of Cooper*, 125 Ill.2d 363, 126 Ill.Dec. 551, 554, 532 N.E.2d 236, 239 (1988) (requiring hospital lien to be paid from present value of annuity purchased under structured settlement); Jay M. Zitter, Annotation, *Propriety And Effect Of "Structured Settlements" Whereby Damages Are Paid In Installments Over A Period Of Time, And Attorneys' Fees Arrangements In Relation Thereto*, 31 A.L.R.4th 95 (1984) (describing practice of limiting attorneys' fees either to the pres-

### III.

In summary, absent an agreement between a workers' compensation carrier and a claimant, the carrier cannot claim a present lien credit for gross future payments under a structured settlement. Rather, the carrier either must calculate its present lien credit based upon the present value of the gross future payments or accrue its lien credit as the claimant receives payment.

For the foregoing reasons, we set aside the award.

GRANT and WEISBERG, JJ., concur.

ent value of a structured settlement or to a percentage of the periodic payments when